### UNITED STATES

v.

**Sergeant (E–5) John E. WADE, 449–02–7524, US Army, Troop C, 3d Squadron, 8th Cavalry, 3d Brigade, 8th Infantry Division, APO New York 09028.**

**CM 433081.**

U. S. Army Court of Military Review.

30 July 1975.

Appearances: Appellate counsel for the Accused: CPT David J. Livingston, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT Gary F. Thorne, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

Accused challenges his conviction by general court-martial for wrongful possession of marihuana and heroin[1] on the ground that the evidence admitted against him was obtained in an illegal search.

The search occurred on 17 December 1974 in a hotel room shared by appellant and two others at the General Walker Hotel, which was part of the Armed Forces Recreation Center at Berchtesgaden, Germany. Captain Hoffman, appellant's commanding officer, conducted the search without the consent of the appellant or his roommates and with consulting any of the hotel personnel.

In determining whether the military judge erred in admitting the evidence in question, the court faces the following issues: Did the appellant's commanding officer have authority to search appellant's hotel room; did the trial defense counsel's failure to base his objection to the evidence on the commanding officer's lack of authority waive the right to assert that issue on appeal; did probable cause exist to justify the commander's search.

At trial the prosecution relied on Army Regulation 190–22, paragraph 2–1.a., in concluding that Captain Hoffman had authority to order a search of accused's hotel room by virtue of being the accused's commanding officer. That regulation states in part:

"The commanding officer having jurisdiction over the place where the property is situated or, *if the property is in a foreign country* or in an occupied territory, *over personnel subject to military law who have control or possession of the property* may authorize a search of such property." (Emphasis added.)

Trial counsel maintained that Captain Hoffman possessed authority to order the search since the hotel room was under the control of a member of his unit and since the premises were located within the boundaries of a foreign country, Germany.

The provision of the regulation, however, must be read consistently with paragraph 152 of the Manual for Courts-Martial, United States, 1969 (Revised edition). The Manual provides that among the searches which are lawful is:

"A search of any of the following three kinds which has been authorized upon probable cause *by a commanding officer . . . having control over the place where the property or person searched is situated or found* or, if that place is not under military control, having control over persons subject to military law or the law of war in that place:

(1) A search of property owned, used, or occupied by, or in the possession of, a person subject to military law or the law of war, the property being situated in a military installation, encampment, or vessel or some other place under military control or situated in occupied territory or a foreign country.

(2) A search of the person of anyone subject to military law or the law of war who is found in any such place, territory, or country.

(3) A search of military property of the United States, or of property of nonappropriated fund activities of an armed force of the United States." (Emphasis added.)

As the General Walker Hotel is a part of the Armed Forces Recreation Center, a

---

1. Charged as violations of Article 134, UCMJ, 10 U.S.C. § 934.

place apparently under military control, the search would have to be authorized by the commander having control over the place where the hotel is located.

A commanding officer may authorize a search of the *person* of a member of his unit though he be in an area under military control which is not within the jurisdiction of the authorizing officer, *United States v. Florence*, 1 U.S.C.M.A. 620, 5 C.M.R. 48 (1952); *United States v. Turks*, 9 C.M.R. 641 (ABR 1953); *United States v. Triplett*, 18 C.M.R. 421 (NBR 1954); and *United States v. Dutcher*, 21 C.M.R. 747 (ABR 1956), but generally a commanding officer may not authorize the search of a *place* under the military control of another. A commanding officer from one military installation thus may not usurp the authority of an officer properly detailed at another installation.

There may exist special circumstances under which a unit commander has the authority to search a place not under his control but under the military control of another. In the case at bar, however, the record does not show any circumstances of that nature which would support a basis of authority for the search by Captain Hoffman.[2] Accordingly, the search of appellant's room was unauthorized.

Although we conclude that the search by the company commander was not authorized, that objection was not raised below. The theory used by defense counsel, in what was treated as an objection to the admissibility of the evidence, asserted lack of probable cause to search for drugs. The record of trial addresses that allegation almost exclusively and nowhere was the charge made before the court that Captain Hoffman lacked jurisdiction to authorize or conduct the search of an off-base hotel room. Nor was evidence introduced showing which officers or staff members from the recreation center or the hotel were authorized to conduct searches, or if any of the local personnel were so authorized. Furthermore, we cannot say that defense counsel approached the case without the opportunity to explore the question of Captain Hoffman's authority to enter a hotel room at his own discretion, for at the Article 32, 10 U.S.C. § 932 hearing Captain Hoffman was queried on this point as follows:

"DC: When you went into the hotel itself, did you feel you had the authority to go into their room? Did you talk to the hotel management?

WIT: No.

DC: Did you feel you could enter the room with your commander power?

WIT: Yes."

The general rule is that the specific grounds for an objection to the admissibility of evidence must be stated, and ordinarily new bases may not be raised for the first time on appeal. *United States v. Brown*, 10 U.S.C.M.A. 482, 28 C.M.R. 48 at 52 (1959); *United States v. Dupree*, 1 U.S.C.M.A. 665, 5 C.M.R. 93 (1952). Failure to object to testimony that a search was properly authorized or even to inquire as to the source of authority constitutes a waiver of any such objections. *United States v. Gebhart*, 10 U.S.C.M.A. 606, 28 C.M.R. 172 (1959). *See also United States v. Fisher*, 4 U.S.C.M.A. 152, 15 C.M.R. 152 (1954); *United States v. Webb*, 10 U.S.C.M.A. 422, 27 C.M.R. 496 (1959); and *United States Hendrix*, 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972). *But see United States v. Crawford*, 41 C.M.R. 649 (ACMR 1969).[3]

Absent special circumstances or manifest injustice, the rational basis for the general rule is compelling, that basis being that an appellate court is in no position to

---

2. Since this was not a search incident to an apprehension, that basis is not here applicable and it is unnecessary to determine whether the scope of the search was within *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

3. In *Crawford*, defense moved to suppress the evidence obtained during a search of the accused's personal belongings on the ground that the search was the result of an unlawful pretrial lineup. The court found that the failure of trial defense counsel to specifically allege the search had been ordered by an officer without authority to do so did not constitute a waiver.

reach a considered decision concerning the admissibility of evidence unless the collateral data necessary to a determination of the issue are brought out at trial. *United States v. Dupree, supra,* 5 C.M.R. at 96. The exclusionary rule is calculated to protect a personal right. If the accused, represented by qualified counsel, desires to assert his right, he has a responsibility to do so at trial. Thus, a duty is imposed upon counsel to object to evidence considered inadmissible in order to signify that there is an issue of law and to give notice as to the specific terms of the issue. The role of the objection is to give the offering party the opportunity to remedy the defect, to rebut the objection, or to collect and present data relevant to the issue. Properly made objections avoid highly technical arguments at the appellate level made without the requisite facts of record to enable the court to make a sound decision. *See United States v. Brown, supra,* 28 C.M.R. at 52.

In the instant case there was no occurrence at trial to prevent an objection of this type, no extraordinary circumstances which might call for an exception to the general rule. Defense counsel quizzed Captain Hoffman at the Article 32 investigation, but failed to pursue the question of authorization at the trial.

In accordance with the views set out above, we conclude that the accused waived his right to assert the issue of unauthorized search in this Court by failing to raise the proper objection at trial.

We must now turn to the question of probable cause, for regardless of whether or not Captain Hoffman was the appropriate officer to authorize and conduct the search of appellant's hotel room, that search was illegal if not based upon probable cause. That issue was preserved by proper objection below and is now appropriately before us on this appeal. A lack of probable cause to search will require this Court to hold the evidence seized to be inadmissible.

The search occurred around noon on 17 December 1974, immediately after Captain Hoffman had returned a telephone call from Captain Rock, another troop com-

mander in his squadron at the unit's home station, Mannheim, Germany. Captain Rock advised Captain Hoffman that an informant had witnessed the appellant attempting to sell a large amount of heroin at approximately 11:00 p.m. on 15 December in Mannheim; that by the informant's account the appellant had tried to sell to the informant and to others throughout the squadron; and that the informant was sure appellant possessed a great deal of heroin, for although he did not know the exact amount, he had seen a large number of dime bags on the person of the appellant. Captain Hoffman inquired as to the informant's name, but it was not divulged by Captain Rock. He told Captain Hoffman, however, that the informant was a member of his (Captain Rock's) troop, that he was a good soldier, and that he had given information on several previous occasions which had proven correct. *United States v. Miller,* 21 U.S.C.M.A. 92, 44 C.M.R. 146 (1971).

Captain Hoffman was also aware that the appellant had departed Mannheim early on the morning of 16 December; had spent all day on a bus with his unit riding to Berchtesgaden; and had arrived and checked into the room that evening. Considering the tip in light of these circumstances, Captain Hoffman reasoned that the appellant would in all probability have drugs concealed in his personal possessions at Berchtesgaden. Captain Hoffman's conclusion was based on information that appellant was trying to sell in order to finance his pleasure trip, that he had a large amount late at night on the evening before he left, that he was trying to sell to anyone, that he had little opportunity to sell on the bus due to the presence of noncommissioned officers, and that he had had little opportunity to sell on the evening of his arrival due to the lateness of the hour and the time it took to get his baggage and check into his room.

 The person charged with determining the existence of probable cause, in this case Captain Hoffman, must do so on the basis of the total information provided to him. Probable cause must be weighed in light of the practical circumstances surrounding the decision to search. *United*

*States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *United States v. Barnard,* 23 U.S.C.M.A. 298, 49 C.M.R. 547 (1975). The officer authorizing the search necessarily draws inferences from information received from others. Those assumptions, however, must be logical; there must be a reasonable connection between the circumstances and facts before the authorizing officer and the conclusions he makes. *United States v. Barnard, supra; United States v. Walters,* 22 U.S.C.M.A. 516, 48 C.M.R. 1 (1973).

On the basis of the facts known to him, Captain Hoffman reasonably concluded there was probable cause to believe the drugs would be found in the appellant's room. *United States v. Miller, supra; United States v. Barnard, supra.* We, too, are satisfied beyond a reasonable doubt that probable cause existed for the search and, therefore, that the results of the search were properly admitted into evidence at the trial.

The findings of guilty and the sentence are affirmed.

Judge VINET and Judge O'DONNELL concur.