**UNITED STATES**

v.

**Specialist Four Daniel F. WITHERS, 569–04–7844, U. S. Army, Company A, 3d Battalion, 60th Infantry, 9th Infantry Division, Fort Lewis, Washington 98433.**

**CM 433281.**

U. S. Army Court of Military Review.

Sentence Adjudged 21 Feb. 1975.

Decided 25 Feb. 1976.

Appellate Counsel for the Accused: CPT Albert T. Berry, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Nancy M. Giorno, JAGC; CPT Jonathan D. Glidden, JAGC; MAJ Steven M. Werner, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted of wrongfully possessing 2.8 pounds of marihuana with intent to distribute in violation of 21 U.S.C. § 841 and Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by the military judge to be discharged from the service with a bad-conduct discharge, to forfeit $245.00 pay per month for five months, to be confined at hard labor for five months, and to be re-duced to the lowest enlisted grade. The convening authority reduced the confinement to two and one-half months and otherwise approved the sentence.

On the afternoon of 27 September 1974, Private First Class Walter Fowler reported to his company commander, Captain James Mitchell, that the appellant was in possession of a large amount of marihuana in his van. Fowler described the van and its location in a nearby parking lot on post. According to Fowler, he told Captain Mitchell that he had just come from the van and that the appellant was selling marihuana inside the vehicle. Captain Mitchell, in his testimony, stated that he did not recall Fowler's telling him that the appellant was selling marihuana. According to Captain Mitchell, Fowler showed him some marihuana leaves and from that he inferred that Fowler had been in the van. Lieutenant William Teter, the company executive officer, who was present during Fowler's report, tended to corroborate Fowler's version.

After receiving the information from Fowler, Captain Mitchell and Lieutenant Teter proceeded to the parking lot and located the van. The two officers attempted to look inside but could see nothing. Captain Mitchell then directed Lieutenant Teter to enter the van. Lieutenant Teter complied and discovered a large quantity of marihuana. The military police were summoned and arrived about thirty minutes later. One of the policemen entered the van and observed the marihuana. The military police waited in their sedan until the appellant arrived a few minutes later. The policemen apprehended the appellant and removed the marihuana. The appellant contends that the military judge erred in failing to suppress the evidence obtained as a result of the search and seizure.

■ Captain Mitchell testified at trial that he directed the search of the appellant's van based on the information he had received from Fowler. Although the evi-

522

dence of Fowler's reliability and the trust-worthiness of his information is marginal, we are satisfied that Captain Mitchell had probable cause to conclude that marihuana would be discovered in the appellant's van. *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). That is only the beginning of the inquiry, however, not the end.

■ The law permits a commanding officer to conduct and authorize searches within narrowly defined limits. In this capacity he has been likened to a "detached magistrate," although he is certainly no magistrate and generally has little if any detachment in the matter. In the instant case, the van was located outside Captain Mitchell's area of responsibility. Accordingly, the search cannot be justified on the basis of Captain Mitchell's capacity as a "detached magistrate." *See United States v. Wade*, 1 M.J. 600 (A.C.M.R.1975), paragraph 153, Manual for Courts-Martial, United States, 1969 (Revised edition).

If the search can be justified it must be pursuant to that line of cases which provided that given probable cause to search and exigent circumstances demanding immediate action, an automobile may be searched without a warrant.[1] *See Coolidge v. New Hampshire*, 403 U.S. 443, 462, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *United States v. Lewis*, 50 C.M.R. 587 (A.C.M.R.1975). Under this theory of justification, Captain Mitchell would be acting, not as a "detached magistrate" but more in the nature of a policeman—a more realistic role for him under the circumstances.[2]

We are not satisfied of the existence of exigent circumstances requiring immediate action. Captain Mitchell testified that he could have contacted the persons empowered to authorize searches, in this case the chief of staff and the deputy installation commander. He also admitted that there was no reason why he could not have placed the vehicle under surveillance and obtained permission to search and that if he were to do it over again he would have directed the military police to stake out the van. As the vehicle was in fact under surveillance by the company officers initially and by the military police subsequently, there was no danger that the van or the marihuana would be removed pending receipt of authority to search.

■ Accordingly, the search and seizure were illegal and the evidence resulting therefrom was inadmissible. The only other admissible evidence concerning the appellant's possession of marihuana is Fowler's testimony. However, as it was never established that Fowler could identify marihuana or that the substance he removed from the vehicle was marihuana, a rehearing is not appropriate.

The findings of guilty and the sentence are set aside. The charges are dismissed.

Senior Judge JONES concurs.

Judge FELDER concurs in the results.

---

1. This is the theory relied on by the Government at trial. The military judge in his special findings found probable cause and held that it was not "unreasonable for Captain Mitchell to take the immediate action that he did in order to secure the marihuana and prevent its removal or disposal."

2. Captain Mitchell testified at trial that his main concern was to get the marihuana and that he was less concerned with what he described as "legal technicalities."