**UNITED STATES, Appellee,**

v.

**Willie J. E. HOOD, Sergeant, U. S. Army, Appellant.**

No. 35,211.

CM 434644.

U. S. Court of Military Appeals.

June 25, 1979.

Appearances: For Appellant—*Captain Larry C. Schafer* (argued); *Major Benjamin A. Sims, Captain Buren R. Shields III, John Richards Lee, Esq.* (on brief); *Colonel Robert B. Clarke.*

For Amicus Curiae—*David F. Addlestone, Charles Sims, Joel Gora, Bruce J. Ennis* (on brief).

For Appellee—*Captain Robert D. Newberry* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Richard A. Kirby, Captain Richard A. Cefola* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was found guilty, by military judge sitting alone, of two specifications of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. At this general court-martial he was sentenced to a bad-conduct discharge, confinement at hard labor for 3 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence, and the United States Army Court of Military Review then affirmed.

We are now called upon to rule on 5 assigned errors, each concerned with a facet of the applicability of the Fourth Amendment to the military society. Two of the assigned issues are of central importance; in each is raised the question of sufficiency of probable cause. We conclude that this case requires reversal, because not only did a failure to adhere to an Army Regulation render the initial search illegal as lacking probable cause, but also the subsequent search must fail since information on which it was authorized was tainted by the prior illegal search.

Paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition), details the general procedure for issuance of a search warrant in the military. This section of the Manual was supplemented by the Secretary of the Army respecting military judges assigned to the United States Army Judiciary. *See* AR 27–10 (26 Novem-

ber 1968) Change 9 (19 July 1972). In the case before us, we assume that all of the conditions precedent in this regulation were complied with, since neither party argues to the contrary.

Paragraph 14–4 of AR 27–10 provides as follows:

14–4. Affidavit. A search warrant shall be issued by a military judge only on the basis of an affidavit or affidavits sworn to before any person authorized to administer oaths and establishing the grounds for issuing the warrant. If the military judge is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue the warrant in accordance with paragraph 14–3. The finding of probable cause shall be based upon substantial evidence which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible. *Before ruling on a request for a warrant, the military judge may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce, provided that the information or evidence obtained is incorporated in an affidavit or such proceeding is taken down by a court reporter or recording equipment and attached to the affidavit.* (Emphasis added).

Because the facts in the present case demonstrate that the trial judge did not comply with the emphasized portions of the quoted regulation, the initial warrant is thereby seen to be defective. On the 11th day of December 1975, a CID agent received information from a witness living in the same complex as the appellant that she detected the odor of marihuana emanating from the quarters of the appellant. Upon examination of the premises the CID agent believed he detected the same odor. The CID agent then approached a military

judge and presented an affidavit (set forth in full as Appendix A to this opinion). With the filing of the affidavit, the military judge questioned the CID agent, who was not under oath, about his knowledge of marihuana's odor. Neither questions nor answers were reduced to writing nor were they subscribed to. We first look at the affidavit to see if, on its face, without additional testimony, it is sufficient to give rise to probable cause to issue the warrant. Standing alone, we consider it insufficient. First, we note that there is inadequate[1] information concerning the credibility of the informant. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We further note that the face of the affidavit excludes the rationale of the Supreme Court of the United States in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), where the appellant "had a general reputation known to the officer as a trafficker in" contraband. *Id.* at 577, 91 S.Ct. 2075, 2078, 29 L.Ed.2d 723.

Second, we note that the CID agent stated in the affidavit that he smelled the odor of marihuana coming from the appellant's apartment. There is nothing in the affidavit which states how either the agent or even the informant knew the odor of marihuana. Indications of the agent's knowledge were elicited from him by the judge only in verbal examination. This does not conform to paragraph 14–4 of AR 27–10. It is the fact of the agent's ability to detect the smell of marihuana that has not been established according to the terms of the regulation. A determination of probable cause in accordance with such procedures is legally deficient.

Therefore, the search of the apartment in Goeppingen was illegal as lacking probable cause, inasmuch as the CID agent failed in the affidavit—as required by the regula-

---

1. What is necessary is affirmative support for the claim that she was "acting only as a concerned citizen and is not involved in any criminal activity." (Appendix A.) *State v. Northness*, 20 Wash.App. 551, 582 P.2d 546 (1978); *People v. Smith*, 17 Cal.3d 845, 132 Cal.Rptr.

397, 553 P.2d 557, 560–61 (1976); *United States v. Darensbourg*, 520 F.2d 985, 988–89 (5th Cir. 1975); *United States v. Banks*, 539 F.2d 14, 17 (9th Cir. 1976), *cert. denied*, 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976).

tion—to state the basis for knowledge of marihuana's odor.[2] The subsequent search of the appellant's room at the Sheridan Plaza Hotel was authorized by the commander as a result of the illegal first search. Thus there was insufficient probable cause for the second search, and evidence seized during that search was tainted fruit of the poisonous tree. Paragraph 152, Manual, *supra. See United States v. Vasquez,* 22 U.S.C.M.A. 492, 47 C.M.R. 793 (1973); *United States v. Moore,* 19 U.S.C.M.A. 586, 42 C.M.R. 188 (1970); *United States v. Clifford,* 19 U.S.C.M.A. 391, 41 C.M.R. 391 (1970); *United States v. Elwood,* 19 U.S.C.M.A. 376, 41 C.M.R. 376 (1970).

Consequently, as the second search was invalid, it is unnecessary to answer the remaining three related granted issues.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The Charge is dismissed.

Judge PERRY concurs.

*Appendix A*

### AFFIDAVIT SUPPORTING REQUEST FOR WARRANT FOR SEARCH AND SEIZURE

1. I, Billy M. Vaughn, Goeppingen Resident Agency, USACIDC, having been duly sworn, on oath depose and state that About 0945, 11 Dec 75, SFC BRAZELTON contacted SAC SINQUEFIELD and related that he had just received a call from his wife Mrs. BRAZELTON, who related that she had just walked into the hallway of Bldg 318 and had smelled the odor of marihuana burning and the odor was coming from apartment A–2 Bldg 318, and Mrs. BRAZELTON had observed 4 persons exit the apartment two white males and two Negro males. The Apartment is assigned to SGT Willie HOOD, (NFI) Co A, ⅛th Inf APO NY 09137. BRAZELTON further related that she had seen HOOD in possession of a brown paper bag Small in size and one plastic bag full of clothing, she did not see the items in the brown paper bag.

I SA Billy M. Vaughn, arrived at Bldg 318 Apartment A–2 and the door to the apartment was secured and I could smell the odor of marihuana coming from Apartment A–2. The door bell was rang and no one answered the door, two MPI Agents have been placed on the door to assure that no person(s) enter or leave the apartment. While obtaining a search warrant. I not received any information in the past concerning HOOD being involved in drugs. I have interviewed Mrs. BRAZELTON, and she had related the aforemention information to me as well the information which she related to SFC BRAZELTON. To the best of my Knowledge Mrs. BRAZELTON is acting only as a concerned citizen and is not involve in any criminal activity. Request permission to conduct a search of Apart A–2 Bldg 318, Cooke Barracks Housing Area, for marihuana or hashish and any types of smoking devices which could have been used to smoke marihuana or hashish.

---

2. Such a service regulation must perforce be considered in light of its executive order genesis in paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition). There, a commanding officer or his delegate is empowered to authorize searches on the basis of probable cause demonstrated in a broadly prescribed manner. In addition, this Manual provision renders inadmissible evidence from an unlawful search not based on probable cause. Yet the above noted regulatory provision further delineates the specific legal requirements for an Army military judge's probable cause determination. Its violation, at least in the present case, renders such a probable cause determination legally insufficient and outside the authority of the military judge. Ac-

cordingly, where such a legally deficient probable cause determination stands alone, the subsequent search is unlawful and its products inadmissible at courts-martial. The remedy of the exclusion of the evidence is provided for by the President in paragraph 152, Manual, *supra,* in accordance with his power in Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836. Such a situation is materially different from that facing the Supreme Court in *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). There no exclusionary rule was found applicable by constitutional statutory or regulatory law as a remedy for a violation of an agency's regulation on consensual electronic surveillance.

[2.] In view of the foregoing, the affiant requests that a warrant be issued for a search of Apartment A–2 Bldg 318, Cooke Barracks Housing Area, Goeppingen Germany, and seizure of Marihuana or hashish or smoking devices which could have been used to smoke marihuana or hashish. An any evidence which could prove that marihuana or hashish could have been smoked within the apartment.

s/ Billy M. Vaughn
BILLY M. VAUGHN
Goeppingen RA USACIDC

Sworn to and subscribed before me this 11th day of Dec 1975 at Goeppingen Gy

s/ Peter G. Arnold
CPT JAGC Asst SJA

COOK, Judge (concurring):

The CID agent who responded to the report of a witness that she had detected the smell of marijuana testified that he proceeded to appellant's quarters and, upon receiving no answer after ringing the doorbell and knocking on the door, acted as follows:

> I then attempted to open the door by turning the door handle and in doing so this allowed a freedom of movement between the door and the door facing. In doing so I placed my face close to the opening and smelled and I could smell the odor of what appeared to me to be marijuana coming from within the apartment.

The information gained from this movement of the door was set forth in an affidavit in an attempt to establish probable cause for the initial search. In my opinion, this intrusion into appellant's quarters constituted a search which had not been properly authorized. There is nothing in the record to support such a search on the basis of exigent circumstances. *Cf. People v. Trull,* 64 Ill.App.3d 385, 20 Ill.Dec. 960, 380 N.E.2d 1169 (1978).

Accordingly, the use of the information obtained by the first search to establish probable cause for the second authorized search was improper. Furthermore, absent the evidence in question, there was insufficient information available to establish probable cause for the second search. Therefore, I need not address the issue relating to the requirements of paragraph 14–4 of AR 27–10 and whether a violation of its provisions invokes the exclusionary rule. *See United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *United States v. Shulman,* 466 F.Supp. 293 (D.C.S.N.Y., February 23, 1979). Finally, I agree with the majority that the search of appellant's quarters tainted the search of his hotel room.

As there is no available substitute evidence against the appellant, I join the majority in ordering the charge dismissed.