**UNITED STATES, Appellee,**

v.

**Sergeant (E–5) Russel L. BLAKE, SSN 227–78–0553, United States Army, Appellant.**

**CM 437952.**

U. S. Army Court of Military Review.

9 July 1979.

---

Captain Terrence L. Lewis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain William B. Ramsey, JAGC.

Captain Landon P. Snell, III, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before DE FIORI, CARNE and JONES, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Contrary to his pleas, the appellant was found guilty by a military judge sitting alone of three offenses for possession,

transfer and sale of marihuana and one additional offense of possession of marihuana, all in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to confinement at hard labor for twelve months, forfeiture of all pay and allowances and reduction to the grade of Private (E–1). The convening authority limited the period of forfeitures and approved the rest of the sentence as adjudged.

On appeal, appellant asserts that the warrant authorizing the search of his quarters was improperly granted and executed as there was no probable cause to believe that the fruits of a crime would be found within his quarters at Fort Bragg. We agree with the appellant.

A military judge issued a search warrant on 18 September 1978 based on information in an affidavit [1] indicating that an anonymous caller informed MP Investigator Jenkins at 1530 hours, 11 September 1978, that a man named "Blake" was selling cocaine directly from his on-post residence at a designated address on Fort Bragg. The affiant, a CID agent, stated that at 1550 hours, 11 September 1978, he proceeded to the designated address, introduced himself to a person, subsequently identified as the appellant, and while in the residence purchased approximately 28 grams of suspected marihuana from the appellant, using for payment two twenty dollar bills, the serial numbers of which had been previously recorded. These bills were the property of the United States. The agent further stated that on 15 September 1978, he again met with the appellant at the appellant's residence where the appellant agreed to sell the agent one-half pound of marihuana for the sum of $275.00 on the afternoon of 18 September 1978.

The warrant authorized the affiant and another named agent to search the appellant's residence at the designated on-post address for marihuana, other controlled substances, the two twenty dollar bills used

1. The record shows the military judge sought and received additional information from the affiant which was not reduced to an affidavit or otherwise recorded.

in the transaction on 11 September 1978 and the bills that were presumably to be used in the transaction scheduled for later on 18 September 1978.

The sale of one-half pound of marihuana scheduled for 18 September did not take place because appellant's supplier did not arrive. The agents thereupon apprehended the appellant in the parking lot outside his quarters, based upon the earlier transaction on 11 September 1978. Thereafter, the agents returned to the appellant's residence where they executed the warrant and seized several items containing marihuana residue. These items were the subject of the additional charge of possession.

█ We find insufficient information in the affidavit to support probable cause for the search of appellant's residence. First, there is no substantial evidence in the affidavit indicating that marihuana or other controlled substances would be found in the appellant's quarters. The anonymous tip that cocaine was being sold at the appellant's residence fails the *Aguilar*[2] test insofar as "other substances" are concerned, and the fact that marihuana was in the quarters on the 11th does not mean it would probably be there on the 18th. This is especially true under the circumstances here where appellant was obtaining his marihuana from an outside supplier. Second, there is no showing that the two twenty dollar bills used in the initial sale seven days earlier would be found in the quarters. It is unreasonable to believe that the currency would still be in the appellant's possession after a week. This information was therefore stale and failed to provide probable cause in the absence of any showing that the appellant continued to possess the currency.[3] Finally, with regard to the currency scheduled to be used in the contemplated sale, the transaction did not take place, hence that part of the factual basis for the warrant never came into existence. A warrant for a search will issue only upon probable cause that an offense has been committed[4] or is being committed;[5] not for an offense to be totally committed in the future.

█ Based on the foregoing we find that there was no probable cause to believe that the specific items for which a search was authorized on 18 September 1978, were in the appellant's quarters. We also conclude that the probable cause determination was deficient under *United States v. Hood*, 7 M.J. 128 (C.M.A.1979), because the judge failed to have the information that was presented to him orally reduced to an affidavit, as is required by paragraph 14–4, AR 27–10 (15 August 1977) Change 17. Accordingly, the evidence derived from the search was inadmissible and the appellant's conviction on the additional charge and specification for possession of marihuana must be set aside.

We have examined the other assigned error and conclude that it lacks merit.

The findings of guilty of the Additional Charge and its specification are set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for ten months, forfeiture of all pay and allowances during the period of confinement and until released therefrom and reduction to the pay grade of Private (E–1).

2. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

3. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *United States v. Steeves*, 525 F.2d 33 (8th Cir. 1975) at 38; *United States v. Crow*, 19 U.S.C.M.A. 384, 41 C.M.R. 384 (1970); *United States v. Cooper*, 2 M.J. 367 (A.F.C.M.R.1977); *United States v. Bright*, 2 M.J. 663 (A.F.C.M.R.1976).

4. Paragraph 2–1, AR 190–22, 12 June 1970; Paragraph 152, Manual for Courts-Martial,

United States, 1969 (Revised edition); *United States v. Guerette*, 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975); *United States v. Bright, supra* n.2; *United States v. Juen*, 1 M.J. 604 (A.C.M.R.1975); *United States v. Llano*, 48 C.M.R. 481 (A.C.M.R.1974). *See also Veeder v. United States*, 252 F. 414 (7th Cir. 1918), holding that a warrant is available only for a completed crime that is presently prosecutable.

5. *United States v. Sevier*, 539 F.2d 599 (6th Cir. 1976).