**UNITED STATES, Appellee,**

v.

**Jeannie L. DILLARD, Private First Class, U. S. Army, Appellant.**

No. 33,040.
SPCM 11708.

U. S. Court of Military Appeals.

Feb. 4, 1980.

For Appellant: *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Major Benjamin A. Sims,* and *Captain Nicholas P. Retson* (on brief); *Colonel Edward S. Adamkewicz, Jr.,* and *Captain Robert D. Jones.*

For Appellee: *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain Lee D. Schinasi,* and *Captain Russell S. Estey* (on brief).

OPINION OF THE COURT

PER CURIAM: *

We must determine whether the appellant was entitled at trial to suppression of all illicit drugs and paraphernalia that had been found in her possession at her private, off-post quarters in Hauffstrasse, Salach, Germany. The evidence was discovered and seized pursuant to an oral search authorization that had not been reduced to writing by the commander, notwithstanding direction by paragraph 2–1(f) of USAREUR Supplement 1 to Army Regulation 190–22 that "[a]uthorization to conduct searches and seizures described in the basic regulation and this supplement, except those searches authorized without a search warrant, *will be executed in writing* . . . ." (Emphasis added.)

This language plainly decrees the requirement that a search authorization be in writing. "It is well-settled that a government agency must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests. *American Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970); *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954)." *United States v. Russo,* 1 M.J. 134, 135 (C.M.A.1975) (footnote omitted). Whatever administrative benefit that accrues to the Government from proper application of this regulatory prescription, we have no doubt that it similarly benefits all of this nation's young men and women serving in the United States Army in Europe. Exclusion of the evidence for failure to follow such a regulation commanding the procedure to be followed in conducting a search clearly is appropriate under these circumstances. *United States v. Hood,* 7 M.J. 128 (C.M.A.1979); *see United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confir-mation as a United States District Judge for the District of South Carolina.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside and, in light of paucity of adequate independent evidence of guilt, the charges are dismissed.

COOK, Judge (dissenting):

The trial consequence of the procurement of evidence in a way that violated a service regulation was before us in *United States v. Hood*, 7 M.J. 128 (C.M.A.1979). There, I was satisfied that decision on the matter was unnecessary to disposition of the case and, therefore, disassociated myself from my Brothers' conclusion that the appropriate sanction for violation of a service regulation, providing that personal testimony on an application for a warrant be reduced to affidavit or recorded verbatim, was exclusion from evidence of the results of the search. Thereafter, writing for an unanimous Court in *United States v. Holsworth*, 7 M.J. 184 (C.M.A.1979), I noted that exclusion is not the automatic consequence of every violation of search procedures prescribed in a government regulation. That observation was predicated upon *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

In *Caceres*, the question before the Supreme Court was whether tapes of secretly recorded conversations between an Internal Revenue Service agent and the defendant taxpayer should be excluded from evidence because the recordings were made without prior approval of the Department of Justice, as required by a department regulation. The Court held there was "simply no reason" to invoke an exclusionary rule for violation of a government regulation which was not "mandated by the Constitution or federal law," and established no safeguard of importance to "the privacy of the citizenry." 99 S.Ct. at 1470, 1473–74. Applying the *Caceres* standard to a random gate search made in advance of the time provided in a regulation, we said:

> Appellate defense counsel have not suggested, and we are unable to imagine, how the occupant of a car stopped for inspection 10 minutes before the time prescribed has a greater expectation of privacy than the occupant of a car stopped precisely at the appointed moment, especially when, as here, there is no apparent, advance public notice of the inspection schedule. Good faith on the part of the law enforcement officer in the execution of his responsibilities may not alone, as appellate defense counsel observe, preclude invocation of an exclusionary rule when a constitutional right has been violated. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 411, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Burger, C. J., dissenting). In *Caceres*, however, the Supreme Court held that "a reasonable, good-faith attempt to comply" with the provision of a government regulation that is not required by the Constitution or a statute does not justify the sanction of a strict exclusionary rule. 99 S.Ct. at 1474. We conclude, therefore, that the inadvertent, premature commencement of the random inspection procedure did not make illegal the stop of the accused's vehicle, and did not, therefore, becloud with illegality the events that led to discovery of the evidence admitted at trial.

*United States v. Holsworth, supra* at 186.

This Court has long held that the probable cause requirement of the Fourth Amendment applies to the military, but its implicit assumption has always been that necessity exempts the military from the requirement of an oath or affirmation on the part of the applicant for an authorization to search and from a writing to evidence the authorization and its scope. As to the oath, in my separate opinion in *United States v. Fimmano*, 8 M.J. 197 (C.M.A. 1980), I reviewed some of our cases, and several in the civilian courts, that have sustained the exemption. As to the warrant, the Court has remarked that a written authorization simplifies, for both the trial judge and appellate courts, "the task of decision" in a disputed case, but it has consistently eschewed any intimation that a writing is commanded by the Constitution or the Uniform Code of Military Justice. *United States v. Martinez*, 16 U.S.C. M.A. 40, 42, 36 C.M.R. 196, 198 (1966); *see*

my separate opinion in *United States v. Fimmano, supra.*

Here, the reliability and correctness of the information provided to the authorizing officer are undisputed. Nor is it alleged that the search exceeded the scope of the authorization. In these circumstances, I discern, as did the Supreme Court in *Caceres,* no reason to invoke an exclusionary rule. I would, therefore, affirm the trial judge's ruling and the decision of the Court of Military Review.