## UNITED STATES

v.

**Gary E. MARSH, 444 60 2327, Aviation Structural Mechanic (Hydraulics) Second Class (E-5), U. S. Navy.**

**NCM 79 1671.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 May 1979.

Decided 23 July 1980.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Earl B. Taylor, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before EDWARDS, GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted contrary to his pleas at a special court-martial bench trial of wrongful possession and introduction into a military station for the purpose of sale of 12 ounces of marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. He contends that the evidence which convicted him was the product of an unlawful search because, first, the official who authorized it was not empowered to issue an oral authorization to search and, second, this official failed to exercise independent judgment in determining that probable cause existed. We reject the first contention because it was not raised at trial and find the second to be without merit.

An informant telephoned a Naval Air Station Security Department investigator and advised him that he had seen behind the driver's seat of a silver 1978 Thunderbird a large quantity of marijuana which was to be sold at the Bowling Alley at 1630 that afternoon. After receiving advice from the legal office, the investigator obtained the services of a marijuana detection dog and his handler. The dog was taken through the bowling alley parking lot and alerted on a silver 1978 Thunderbird. The owner of the vehicle, the accused, refused to consent to a search. The investigator telephoned the acting executive officer and, among other things, advised him that the dog had alerted on the accused's car, and requested permission to search the car.[1] The acting executive officer then telephoned the security officer in order to verify that the investigator was who he said he was and unsuccessfully tried to contact the commanding officer. He then telephoned the investigator and authorized a search of the accused's car. On the basis of prior conversations with the commanding officer, executive officer, and security officer, the acting executive officer believed the dog to be exceptionally effective.

The issue of probable cause to search the accused's car was litigated at trial, although the defense made no specific objection to introduction of the evidence which resulted from the search. Civilian defense counsel argued that the authority of the acting executive officer to authorize the search was not established because of lack of evidence that he had been empowered by the commanding officer to act as executive officer at the time of the search, that the information provided to him did not meet the criteria of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), for reliability, that he was not a neutral and detached magistrate, and that he did not make an independent determination of probable cause. The military judge correctly rejected the defense arguments and ruled that a proper authority had been furnished with probable cause to authorize the search.

I

On appeal, the accused contends for the first time that the search was unlawful because the acting executive officer was not empowered to issue oral search authorizations. He construes the Naval Air Station instruction setting forth the authority of officers of the Air Station to order searches and promulgating general guidelines governing searches to require written search authorizations. The procedure outlined in the instruction for obtaining authority to search, completing a form request for authority to search, was not followed in this case. The instruction is ambiguous. It does not mandate in plain language that authorizations to search must be in writing, but does, at the very least, provide guide-

1. The military judge found that the information conveyed to the acting executive officer concerning a productive dog search and his familiarity with the dog's reputation provided probable cause. The judge did not rely on the statements of the informer. (R. 86). This Court is limited to the evidence considered by the trial judge to sustain the conviction. *United States v. Starr*, 1 M.J. 186 (C.M.A.1975).

lines which include a procedure for written requests for authorizations to search.[2] Failure to comply with regulations commanding the procedure to be followed in conducting a search requires exclusion of the affected evidence where the underlying purpose of the regulation is the protection of personal liberties. *United States v. Dillard*, 8 M.J. 213 (C.M.A.1980). *See also United States v. Hood*, 7 M.J. 128 (C.M.A. 1979).[3] *But see United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

■■■ The gist of the accused's first assignment of error is that the search which incriminated him was unlawful because of failure to follow the station search instruction and obtain a written search authorization. We turn a deaf ear to his contention because he did not raise it at trial. An accused is estopped from raising an issue on appeal which he did not raise at trial, unless estoppel would result in a miscarriage of justice. *United States v. Woods*, 3 M.J. 645 (N.C.M.R.1977). This rule applies if the accused objects to the admissibility of evidence on one ground at trial and subsequently attempts to litigate its admissibility on other grounds raised for the first time on appeal. *Id.; United States v. Wade*, 1 M.J. 600 (A.C.M.R.1975), *pet. denied* 5 M.J. 91 (C.M.A.1978). Ordinarily, failure to raise the issue at trial results in an incomplete development of the circumstances. Appellate tribunals cannot ascertain from the record of such a trial whether the challenged search was legal. Since this deficiency is attributable to the accused, he is precluded from claiming prejudice on appeal. *See United States v. Wilson*, 6 M.J. 214 (C.M.A.1979).

■■■ In this case the government argues, among other things, that the search was justified by exigent circumstances. *See Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (a warrantless search of an automobile may be justified under circumstances which would not justify a warrantless search of a house). This was not developed at trial as an alternate ground for finding the search legal, but might have been had the defense claimed at trial that the authorization to search was faulty because it was not in writing. The ambiguity in the search instruction might have been resolved had it been litigated at trial. Failure to object on specific grounds at trial precludes raising an issue on appeal precisely because, if objection is made at trial, the prosecution might have introduced additional evidence to establish the admissibility of the evidence. *See United States v. Hendrix*, 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972). Application of the waiver doctrine will not result in a miscarriage of justice here. *Cf. United States v. Baxter*, 2 M.J. 610 (N.C.M. R.1977) (withdrawal of objection to questionable evidence for no justifiable reason where record suggests inadequate representation of defense counsel based on erroneous interpretation of law and other grounds is an exception to the general waiver doctrine and requires further action by the trial judge). The facts adduced at trial do not show that the evidence was inadmissible on its face. At most, the search instruction was ambiguous and the defense did not challenge or attempt to resolve that ambiguity at trial. The deficiency in the record is attributable to the defense. The accused will not be heard to complain of it on appeal. Therefore, we reject the assignment of error.

---

2. The instruction states in part: "Authority to Search shall be obtained by completing Request for Authority, Authority, and Preliminary Report of Search (NASCORPC Form 5830/4), and presenting it the Station Judge Advocate. If the Station Judge Advocate is not available, the form should be presented to the Executive Officer . . . ." It is not free from ambiguity because, among other things, it apparently would be impossible properly to complete the authority to search and report of search before presenting the form to the official empowered to authorize the search. The form was not introduced at trial. Examination of the form and litigation at trial of the issue raised on appeal might have resolved the ambiguity.

3. Although *Dillard* had not been decided when this case was tried, *Hood* had been.

## II

The accused also contends that the acting executive officer did not exercise independent judgment in determining that probable cause existed. The contention is not supported by the record. The acting executive officer questioned the investigator in order to establish probable cause. (R. 37). He did not abdicate his responsibility to the investigator or the dog, but made an independent determination that the information furnished to him established probable cause. We cannot distinguish this case from *United States v. Grosskreutz*, 5 M.J. 344 (C.M.A.1978), in which the Court of Military Appeals held that description of a trained marijuana detection dog's alert provided probable cause to search a parked automobile.[4]

The accused's contentions at trial that the official who authorized the search was not empowered to act as executive officer and that he did not act as a neutral and detached magistrate are also without merit. The record establishes that the official was acting executive officer at the time of the search. He was empowered to authorize a search upon a showing of probable cause, and acting as a neutral and detached magistrate he did so.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge EDWARDS and Judge GREGORY concur.

---

**4.** The official authorizing the search in *Grosskreutz* was also familiar with the dog's capabilities.