# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Staff Sergeant ELLIOT K. JORDAN
### United States Air Force

### ACM 38319

### 24 February 2014

Sentence adjudged 11 February 2013 by GCM convened at Malmstrom Air Force Base, Montana. Military Judge: Martin T. Mitchell (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 5 years, and reduction to E-1.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen and Major Charles G. Warren.

Before

ROAN, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WIEDIE, Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, in accordance with his pleas, of one specification of aggravated sexual assault of a child on divers occasions; two specifications of wrongful sexual contact; one specification of sodomy with a child on divers occasions; and four specifications of negligent dereliction of duty, in violation of Articles 120, 125, and 92, UCMJ, 10 U.S.C. §§ 920, 925, 892. The adjudged sentence consisted of a dishonorable discharge, confinement for 5 years, and reduction to E-1. The convening authority approved the sentence as adjudged, but waived automatic forfeitures for the benefit of the appellant's dependent.

On appeal, the appellant asserts the convening authority was not properly advised when he was not informed of what he may consider in clemency pursuant to Rule for Courts-Martial (R.C.M.) 1107.  Finding no error, we affirm.

*Post-Trial Processing Delay*

The appellant alleges error in the Staff Judge Advocate's Recommendation (SJAR) because the convening authority was not advised of matters he could, but was not required to, consider.  It is not in dispute that these matters were not referenced in the SJAR or the addendum thereto.

We review post-trial processing issues de novo.  *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).  Erroneous advice by the staff judge advocate (SJA) can be a basis for setting aside the post-trial processing.  *United States v. Welker*, 44 M.J. 85, 88 (C.A.A.F. 1996); *United States v. Craig*, 28 M.J. 321, 324 (C.M.A. 1989); *United States v. Hill*, 27 M.J. 293, 296-97 (C.M.A. 1988).  Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents "some colorable showing of possible prejudice."  *United States v. Wheelus*, 49 M.J. 283, 289 (C.M.A. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)) (internal quotation marks omitted).

Article 60(d), UCMJ, 10 U.S.C. § 860(d), requires the convening authority to consider the written recommendation of the SJA before acting on a general court-martial case.  The formal recommendation to the convening authority must contain "such matters as the President shall prescribe by regulation."  *Id.*  The President promulgated R.C.M. 1106, setting out the required content of the SJAR, and R.C.M. 1107, outlining what a convening authority may and must consider when taking action.

R.C.M. 1107(b)(3)(A)  provides that, before taking action in a case, the convening authority *must* consider the result of trial, the SJAR, and any matters submitted by the accused under R.C.M. 1105 or in response to the SJAR.  R.C.M. 1107(b)(3)(B) states the convening authority *may* consider the record of trial (ROT), the accused's personnel records, and any other matters the convening authority deems appropriate.[1]  R.C.M. 1106(d)(3), titled "*Required contents*," requires that the SJAR contain:

> [A] copy of the report of results of the trial, setting forth the findings, sentence, and confinement credit to be applied; a copy or summary of the pretrial agreement, if any; any recommendation for clemency by the

---

[1] If a convening authority considers matters adverse to the accused from outside the record, the accused must be provided notice and an opportunity to respond.  Rule for Courts-Martial 1107(b)(3)(B)(iii).

sentencing authority, made in conjunction with the announced sentence; and the staff judge advocate's concise recommendation.

R.C.M. 1106(d)(5), titled "*Optional matters,*" provides that the SJAR may include additional matters deemed appropriate by the SJA, to include matters outside the record. The discussion to R.C.M. 1106(d)(5) references the additional matters a convening authority may consider pursuant to R.C.M. 1107(b)(3)(B)(iii).

The plain language of the R.C.M. is unambiguous. An SJA is not required to advise the convening authority of the matters he or she *may* consider; the SJAR is only required to address those matters the convening authority *must* consider. This conclusion does not, however, end our inquiry.

Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.17.1.3 (21 December 2007) states the Addendum to the SJAR must "[a]dvise the convening authority that he or she may consider other matters prior to taking action, such as the ROT, personnel records of the accused, and such other matters as the convening authority deems appropriate."[2] The Addendum to the SJAR in this case did not comport with the requirements of the AFI. Thus, we must now decide whether the regulatory requirement to include such advice in the Addendum to the SJAR imposes a binding responsibility on the Government above and beyond that contained in the R.C.M. When a government agency adopts a regulation, it must comply with that regulation if the purpose of the regulation is to protect "personal liberties or interests." *United States v. Dillard*, 8 M.J. 213 (C.M.A. 1980) (quoting *United States v. Russo*, 1 M.J. 134, 135 (C.M.A. 1975)) (internal quotation marks omitted). An accused may assert a regulation if it was adopted to protect an accused's rights. *United States v. Sloan*, 35 M.J. 4, 9 (C.M.A. 1992).

We find that AFI 51-201, ¶ 9.17.1.3, was not promulgated with the specific purpose of protecting the rights of an accused. Obviously, the regulation could inure to the benefit of the accused if the convening authority considered something outside the record and granted clemency to the accused based on his review of these matters. However, the overarching purpose of this provision is to provide the convening authority with as much information as possible upon which to base a clemency decision. This is clear from the fact the convening authority may consider "other matters" both positive and negative with respect to an accused. *Id.* A rule that permits the convening authority to consider matters adverse to the accused, even from outside of the record, cannot be said to have been promulgated for the benefit of an accused.

---

[2] We note that Air Force Instruction 51-201, *Administration of Military Justice*, was revised on 6 June 2013. However, the references to the Instruction in this opinion, although located in different sections of the current version, remain unchanged.

Even if, for the sake of argument, we were to assume the paragraph in question was drafted to benefit an accused and, thus, the appellant can assert it, we decline to provide relief as the appellant was not prejudiced. On brief, the appellant suggests that if the convening authority had been advised that he was permitted to read the ROT it may have led to a different clemency result. Having read the ROT, we find this suggestion baseless. The ROT details how the accused engaged in sexual intercourse and sodomy with a 13-year-old girl and sexually harassed five fellow Air Force members. We are convinced the convening authority would not have granted any clemency in addition to that which he provided had he read the ROT. The appellant does not point to any other specific additional matter that might have swayed the convening authority to take any action other than the one he did.

While we find that AFI 51-201, ¶ 9.17.1.3 does not create a right that can be asserted by an accused and, even if it does, the appellant was not prejudiced, we are troubled by the Government's failure to comply with its own regulation. The AFI is very clear on what matters must be included in an Addendum to the SJAR. Had the Government taken the time to review the requirements, there would have been no issue for this Court to consider. The AFI even includes a sample Addendum to the SJAR which includes all of the matters the AFI requires be addressed. *See* AFI 51-201, Figure 9.6. It is lost on this Court why the servicing legal office would choose not to follow the sample contained in the AFI. Such conduct only invites appellate issues.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court