UNITED STATES, Appellee

v

LARRY C. JENNINGS, Private First Class, U. S. Marine Corps, Appellant

19 USCMA 88, 41 CMR 88

No. 22,066

November 28, 1969

*Lieutenant Allen D. Black*, JAGC, USNR, argued the cause for Appellant, Accused.

*Captain Lester G. Fant, III*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche*, USMC.

Opinion of the Court

DARDEN, Judge:

Despite his plea to the contrary, the accused was tried and convicted by a general court-martial at Quang Tri, Republic of Vietnam, for the willful disobedience of an order, in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890. He was sentenced to a bad-conduct discharge, confinement at hard labor for two years, forfeiture of $50.00 per month for the same period, and reduction to the pay grade of E-1. The case comes to this Court without change. We granted review to consider whether Jennings's pretrial confinement was authorized by applicable regulations.

After the accused refused to join his battalion in the Khe Sanh area of South Vietnam, he was brought before his Battalion Commander for "office hours." This officer ordered Jennings's return to the rear and confinement in the Da Nang brig, re-

portedly saying "JENNINGS, I'm going to put you in the Danang brig and for the simple reason that this is a problem in this Battalion and I want it knocked off." As a consequence, the accused was held in pretrial confinement during the period from July 2, 1968, to September 4, 1968, and then in a restricted status until September 17, 1968, the day of trial.

The contention on appeal is that Jennings's pretrial confinement violates not only Article 13 of the Code, supra, 10 USC § 813, but is in derogation of both Third Marine Amphibious Force Order 1640.1D and Third Marine Division Order P5800.10.

The board of review considered this question and decided that the Division Order made pretrial confinement discretionary and that it was proper here "because of the seriousness of the offense." We disagree.

Under the Uniform Code of Military Justice one charged with an offense "shall be ordered into arrest or confinement, as circumstances may require," unless the charge is one normally tried by summary court-martial. On arrest or confinement before trial immediate steps are to be taken to inform the person concerned of the specific wrong of which he is accused and to try him or to dismiss the charge and release him. Article 10, Code, supra, 10 USC § 810; see also Article 33, Code, supra, 10 USC § 833. Unnecessary delay will result in the punishment of those responsible. Article 98, Code, supra, 10 USC § 898. This theme is carried forward in the Manuals for Courts-Martial, United States, 1951, and 1969 (Revised Edition). Pending trial, confinement is not to be imposed except to insure an accused's presence at

trial or because of the seriousness of the offense. Paragraph 20c; see also paragraphs 18b and 25, Manuals, supra.

Appellate Government counsel properly discount the applicability of Article 13 of the Code, correctly construing this provision as a limit on the nature of confinement and not on the discretion to confine. Chaparro v Resor, 412 F2d 443 (CA4th Cir) (1969); compare United States v Nelson, 18 USCMA 177, 39 CMR 177, and United States v Bayhand, 6 USCMA 762, 21 CMR 84.[1]

The Third Marine Amphibious Force Order referred to authorizes pretrial confinement if (1) the accused is charged with a capital offense or (2) there is evidence that clearly indicates the accused's presence would present "a distinct threat to the safety of life, limb or property."

The Third Marine Division Order similarly propounds a dual standard that permits pretrial confinement (1) if reasonably necessary to insure the accused's presence at trial or (2) because of the seriousness of the offense. Threat to the safety of life, limb, or property is to be used as a guide in interpreting the extent of the authority to confine under the second criterion. In further elaboration, the Order declares "[c]rimes normally are considered 'serious' enough to require prolonged pretrial confinement for the protection of society only when they involve violence against the person or property of another *and* are punishable, pursuant to the provisions of paragraph 127c, MCM, 1951, by confinement in excess of five years."

It is essential to note first that Jennings's confinement was not in-

[1] "§ 813. Art. 13. **Punishment prohibited before trial.**

"Subject to section 857 of this title (article 57), no person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline." Uniform Code of Military Justice, 10 USC § 813.

stituted to assure his presence for trial. Further, the offense in question was treated as noncapital, the court having been instructed that maximum confinement was not to exceed five years. Our comparison of the two Orders and of paragraph 20 of the Manual is thus reduced to a consideration of the single remaining norm in each.

The Manual rule permits confinement because of the seriousness of the offense involved. The Commanding General, Third Marine Amphibious Force, has within his authority constricted the right of confinement to those cases involving a "distinct threat to life, limb and property." Cf. United States v Gray, 6 USCMA 615, 20 CMR 331; United States v White, 17 USCMA 211, 38 CMR 9. The Division Order imposes yet another limitation. "Seriousness of the offense" appears to be the yardstick of this Order but when it is read in its entirety we believe it, too, imports seriousness only to crimes that threaten life, limb, or property and that are punishable by confinement at hard labor in excess of five years. In sum, the more subordinate the command the lesser has been the grant of authority to confine.

Although the accused's conduct would cause extreme concern in combat, we are unconvinced that it constituted a threat to life, limb, or property in the sense those terms are used in the applicable regulations. His conviction is not for a crime of violence; the maximum permissible punishment was not in excess of five years. His disobedience was in no way accompanied by violence. Indeed, Jennings's prior military record appears to have been unmarred by disciplinary action. There is nothing to suggest that accused's presence in the battalion area alone put in jeopardy the battalion membership, individually or collectively. And it is well to note, as appellate defense counsel correctly points out, that on the date of Jennings's disobedience two, not five, other men had acted as he did in disobeying an order, though by the time of trial the latter figure had been reached. Nothing denotes an inter-relationship between the conduct of this accused and that of others who disobeyed orders to go forward.

We are not unaware of the serious consequences of such conduct. We are inclined to give much weight to determinations by responsible Commanders who are close to combat. In this case, though, the confinement seems inconsistent with the regulations of the Commanders who are on the scene and informed of local conditions.

Jennings's guilt of the charge of disobedience remains unimpeached. Cf. United States v Nelson, supra. He is, however, entitled to a meaningful reassessment of the sentence. Here this can be achieved by disapproval of all confinement remaining in a sentence that included confinement at hard labor for two years, now little more than half served. The benefit from this action will, therefore, be substantial.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess and affirm a sentence that does not include further confinement at hard labor.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

I do not read the Division Order as an absolute prohibition against pretrial confinement, except when the offense involves the life or property of another person and is punishable by confinement at hard labor for five years. On the contrary, the Order expressly indicates that the standards discussed therein are suggestive, not mandatory. Among other things, the Order specifically authorizes the commanding officer of the brig to release persons who are placed in confinement under "criteria" which "do not meet" those mentioned in the Order. Third Marine Amphibious Force Order 1640.1D, paragraph 4b. Moreover, the brig officer is "encouraged to use" the grant of authority on a "daily" basis. The standard prescribed for

the exercise of his authority is "the necessity for such confinement."

In my opinion, the nature of the offense and the grave danger it presented to the discipline of the command provide ample justification for the decision to confine the accused. See Levy v Resor, 17 USCMA 135, at page 140, 37 CMR 399. I would, therefore, affirm the decision of the board of review.