UNITED STATES, Appellee

v

ARTHUR C. PRINGLE, Private,
U. S. Army, Appellant

19 USCMA 324, 41 CMR 324

No. 22,471

March 13, 1970

Captain Robert B. Harrison, III, argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent and Captain Lee A. Rau.

Captain Richard K. Bank argued the cause for Appellee, United States. With him on the brief were Colonel David T. Bryant, Major Edwin P. Wasinger, Major William A. Pope, II, and Captain David K. Fromme.

## Opinion of the Court

FERGUSON, Judge:

In this case, as in United States v Nelson, 18 USCMA 177, 39 CMR 177 (1969), we are faced with determining what remedy should be accorded an accused whose pretrial confinement was, concededly, such as to amount to "punishment" in violation of Article 13, Uniform Code of Military Justice, 10 USC § 813. We granted review to determine whether the law officer erred in denying a motion to dismiss.

At trial, defense counsel, citing Nelson, supra, moved for dismissal of the charges on the ground that the accused was denied due process of law by virtue of the fact that while in pretrial confinement from February 3, to April 15, 1969, the date of trial,[1] he was commingled with sentenced prisoners in the stockade at Mannheim, Germany. In addition, defense counsel appended to the record, Appellate Exhibit 3, a written request to the convening authority,

[1] The period would have been longer had not the accused waived the five-day waiting period from the date of service of charges to the date of trial. Charges were served on the morning of trial.

dated April 1, 1969, asking that the accused be segregated from sentenced prisoners during the course of any further pretrial confinement. No reply was received from the convening authority nor was any action taken to change the accused's status in the stockade.

The Government, in opposing the motion, stipulated that during the time of pretrial confinement the accused was indeed commingled with sentenced prisoners.[2] Trial counsel, however, opposed dismissal of the charges as a remedy for this codal violation and contended that the matter could be cured by an instruction to the court that in determining an appropriate sentence the nature of the pretrial confinement should be taken into consideration. In fact, trial counsel specifically requested such an instruction.

The law officer denied the motion on the ground that he did not believe United States v Nelson, supra, was applicable to this case. *He did not give the instruction requested by trial counsel.*

The staff judge advocate recognized the applicability of *Nelson* to this case, and although he believed that the law officer was correct in not dismissing the charges, he believed that it was error not to instruct the court as requested by trial counsel. However, he opined that the accused was not prejudiced since the sentence to three years' confinement at hard labor was to be reduced to eighteen months in accordance with the pretrial agreement, and "it can be reasonably assumed that the court would not have deducted more than 18 months for the 40-day period that the accused was in pretrial confinement." In accordance with the staff judge advocate's recommendation, the convening authority approved the sentence agreed upon. No mention was made in the staff judge advocate's review of defense counsel's letter to the convening authority on this issue, or to the latter's failure to reply or to act thereon.

The United States Army Court of Military Review affirmed the findings and sentence without an opinion.

Before this Court, appellate Government counsel conceded that the accused's confinement prior to trial was in violation of Article 13, Code, supra, and that the decision of this Court in United States v Nelson, supra, is applicable. They argued, however, that under the circumstances of this case, as in *Nelson,* further reassessment of the sentence rather than dismissal of the charges is the appropriate remedy.

Appellate defense counsel contended that since the services were on notice of the extent of the *Nelson* opinion (dated March 14, 1969) throughout the last thirty days of the accused's confinement, and were not thereby deterred from continuing their illegal actions, and inasmuch as defense counsel's request for relief went unheeded for the final two weeks of confinement, dismissal of the charges is the only remedy that will assure the termination of this statutory violation.[3]

We need not discuss the issue at length. Article 13, Code, supra, states:

"Subject to section 857 of this title (article 57), no person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline."

In enlarging on the codal provision, the Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 125, provides, in pertinent part:

"No member of the armed forces

---

[2] According to trial counsel, the accused was listed on the stockade records as a sentenced prisoner.

[3] In their brief, appellate defense counsel listed thirteen cases presently under review for Article 13 violations in the United States and abroad and five in which a determination had already been made.

may . . . while being held for trial or the results of trial be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him (see Art. 13). . . . During the period that he is held for trial or awaiting action on his sentence, an accused will not be required to observe either duty hours or training schedules devised as punitive measures, required to perform punitive labor, nor required to wear other than the uniform prescribed for unsentenced prisoners, except that during those periods he may be subjected to minor punishment for infractions of discipline (see Art. 13)."

In light of the stipulation of trial counsel that the accused was indeed commingled with sentenced prisoners, we hold that this accused was subjected to "punishment" in violation of Article 13, Code, supra, without due process of law. United States v Nelson, supra.

The determination of an appropriate remedy is then before us. Dismissal of the charges is not deemed appropriate in these circumstances (United States v Bayhand, 6 USCMA 762, 21 CMR 84 (1956)), nor is a rehearing on the merits indicated. United States v West, 12 USCMA 670, 31 CMR 256 (1962); United States v O'Such, 16 USCMA 537, 37 CMR 157 (1967). Modification of the sentence, however, is certainly in order. United States v Nelson, supra.

In *Nelson,* that accused had already served his sentence to confinement at hard labor and the only remaining possible relief that appeared meaningful was to return the case to the board of review for reassessment and approval of a sentence which did not include a bad-conduct discharge.

In the case at bar, we are concerned over the failure of the convening authority to act on the request of defense counsel or even to reply thereto. In referring a case to trial, the convening authority acts in a judicial capacity (see generally, Articles 22–29, Code, supra, 10 USC §§ 822–829; United States v Nix, 15 USCMA 578, 36 CMR 76 (1965); United States v Schultz, 18 USCMA 133, 39 CMR 133 (1969)), and pretrial requests of this nature are properly addressed to him. His failure to act raises a question as to his understanding of the nature of his responsibility and his appreciation of the judicial office he occupies. Although, in some cases, as here, the confinement facility may not be within his immediate jurisdiction, the treatment of a confined accused who is a member of his command is his direct responsibility. And, we would be naive were we not to believe that as a General Officer, this convening authority has some degree of influence within other commands. At the very least, he should decline to utilize the services of a stockade outside his command where men in pretrial confinement are illegally treated.

The accused's sentence to confinement at hard labor for eighteen months began to run approximately ten months ago.[4] Were we to order a rehearing on sentence, it might very well not be held much before the time for completion of the sentence. Cf. United States v Blackwell, 19 USCMA 196, 41 CMR 196 (1970). In such an event, all that would remain would be the punitive discharge. While imposition of a punitive discharge would still be within the legal limits of permissible punishments, affirmance thereof on rehearing would deprive this accused of all meaningful relief. We believe that justice would best be served by returning this case to the Court of Military Review for reassessment and approval of a sentence which does not include further confinement at hard labor. United States v Jennings, 19 USCMA 88, 41 CMR 88 (1969). Only in this way can we impress upon all concerned that this Court is not prepared to wink at such grossly illegal treatment of men in pretrial con-

---

[4] Since the convening authority directed that accused be confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas, pending completion of appellate review, it is reasonable to presume that he has been continuously confined since February 3, 1969.

finement. Were we to do otherwise, the disastrous effects upon the system of military justice would be incalculable.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess and approve a sentence which does not include further confinement at hard labor.

Chief Judge QUINN and Judge DARDEN concur.