UNITED STATES

v.

Orville W. DREW, 447 52 6983 Sergeant (E–5) U. S. Marine Corps.

NCM 75 2382.

U. S. Navy Court of Military Review.

Sentence Adjudged 27 March 1975.

Decided 26 Feb. 1976.

CAPT J. G. Dail, Jr., JAGC, USNR–R, Appellate Defense Counsel CDR C. A. Buhler, JAGC, USN, Appellate Defense Counsel LCDR Harvey E. Little, JAGC, USN, Appellate Government Counsel.

DECISION

MALLERY, Judge:

Appellant was convicted, consonant with his pleas, at a special court-martial bench trial, of two unauthorized absences. He was sentenced to a bad conduct discharge, confinement at hard labor for three months, and reduction to pay grade E–1. In accordance with a pretrial agreement, the convening authority suspended the discharge, the confinement, and the reduction below pay grade E–3. The supervisory authority approved the sentence as approved and partially suspended below.

Appellant argues that the cruel and inhuman punishment to which he was subjected at military instigation prior to trial violated his rights under Article VIII of the Consti-

tution of the United States. He also argues that his plea of guilty to the second unauthorized absence was improvident. Neither assignment of error has merit.

■ Appellant was twice placed in pretrial confinement, once after each of his absences, in McAlester County Jail, McAlester, Oklahoma. Although the evidence is somewhat cryptic on the subject, it seems he was incarcerated there each time at the behest of military cross-country chasers. Each of his terms of pretrial confinement in the jail were nine days in duration. His unrebutted testimony, which need not be summarized here, convinces us that the conditions of his confinement on both occasions were oppressive and could possibly be described as cruel and inhuman punishment. However, we need not decide that issue. Assuming arguendo that such pretrial confinement did constitute the cruel and inhuman punishment alleged, it still would not justify the remedy requested, dismissal.

There are no military or civilian federal cases directly in point. However, there are a number of military cases in which the Court of Military Appeals has ruled that certain pretrial confinement was in violation of Article 13, UCMJ, 10 U.S.C. § 813, which reads as follows:

"Subject to section 857 of this title (article 57), no person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline."

In *United States v. O'Such*, 16 U.S.C.M.A. 537, 37 C.M.R. 157 (1967), our judicial superiors ruled that the appellant's pretrial confinement conditions were in violation of Article 13, UCMJ, and as a result, his confession was involuntary and inadmissible. However, the court did not dismiss the findings but rather authorized a rehearing. In *United States v. Nelson*, 18 U.S.C.M.A. 177, 39 C.M.R. 177 (1969), the Court of Military

Appeals again ruled that appellant's pretrial confinement was in violation of Article 13, UCMJ, and again refused to dismiss the findings. In that case, the Court of Military Appeals returned the case to this Court for reassessment of the sentence. *Also see United States v. Jennings*, 19 U.S.C.M.A. 88, 41 C.M.R. 88 (1969), and *United States v. Pringle*, 19 U.S.C.M.A. 324, 41 C.M.R. 324 (1970). In still another case, *United States v. Johnson*, 19 U.S.C.M.A. 49, 41 C.M.R. 49 (1969), the Court of Military Appeals found that the conditions of pretrial confinement were illegal but not prejudicial to the appellant. Accordingly, the court refused to either dismiss or reassess. We can find no basis in military law for dismissal of the charges in this case or for authorizing a new trial.

■ Appellant argues that his plea of guilty to the second unauthorized absence was improvident. He claims that his second absence was a result of an irresistable impulse induced by fear of confinement which in turn resulted from the horrors incident to his first period of pretrial confinement in McAlester County Jail. Appellant's argument, while ingenious, is entirely unsupported by facts or logic. The special court-martial military judges' *Care* inquiry was painstakingly thorough and revealed no reason not to accept appellant's plea of guilty to the second unauthorized absence. It should also be noted that appellant's argument is inherently illogical. If he had been as afraid of being confined as he alleges, he certainly would not have returned while in an unauthorized absence status to the vicinity of the fear-inducing McAlester County Jail.

■ The special court-martial military judge must have fully considered the character of appellant's pretrial confinement while deliberating on the sentence. All the facts were before him and both the trial and the defense counsel referred to such confinement in their arguments on the quantum of punishment. There is no reason to reassess the sentence.

Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Senior Judge EVANS concurs in the result.

Judge GREGORY concurs.