UNITED STATES

v.

**Carl A. COURTRIGHT, III, 250 41 1809, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 91 2687.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 April 1991.

Decided 14 May 1992.

LT James A. Douglas, JAGC, USNR, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USN, Appellate Government Counsel.

Before WILLEVER, Chief Judge, and STRICKLAND and ORR, Senior Judges.

PER CURIAM:

Consistent with his pleas, the appellant was convicted of stealing another sailor's check book, a box of checks, and a wallet containing the other sailor's military identification card, social security card, driver's license, and two bank cards and of forging 33 of those checks, totaling over $4,780.00, over a period of about 6 weeks in violation of Articles 121 and 123, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921 and 923. The appellant was sentenced by the military judge sitting alone to confinement for 4 years, to forfeit all pay and allowances, to be reduced to pay grade E–1, and to receive a bad-conduct discharge. In accordance with the terms of a pretrial agreement, the convening authority suspended all confinement in excess of 24 months. Although not required to do so by the terms of the agreement, the convening authority also disapproved all forfeitures of pay and allowances in excess of $500.00 pay per month for 48 months.

The substance of the appellant's assignment of error[1] is that two Navy Resale Activity offices, with the assistance of the disbursing offices holding his pay record, subjected him to unlawful pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813, by involuntarily checking the appellant's pay in the amount of $1,485.00 without complying with applicable directives affording the appellant due process rights before such checkages are supposed to be imposed. Because his trial defense counsel chose to treat the checkage as a matter in extenuation and mitigation in sentencing rather than raising the matter as illegal pretrial punishment, the appellant also claims he was denied the effective assistance of counsel during the sentencing phase of his court-martial. We disagree with the appellant's first contention, and that disagreement also disposes of the appellant's second contention.

■ Of the 33 checks forged by the appellant, 31 of those were negotiated at various Navy Exchange stores in the geographic areas where the appellant happened to be stationed at the time. Only approximately $188.00 of the total amount of the checks forged by the appellant was not written to the Navy Exchange. We have examined the post-trial documents attached to the record of trial concerning this matter, and we find that the two checkages made by the two Navy Resale Activities were simply intended to recoup amounts paid by them to the appellant when he presented forged checks to those activities, were not intended as any punishment of the appellant, and do not constitute pretrial punishment within the scope of Article 13. *Cf. United States v. Cruz*, 25 M.J. 326 (C.M.A.1987); *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985); *United States v. Destefano*, 20 M.J. 347 (C.M.A.1985). Even if we considered the recoupment to be pretrial punishment, the failure to raise it be-

fore or during trial constitutes waiver, *Palmiter*, and the choice of how to characterize the recoupment as repayment and a matter in extenuation and mitigation during sentencing is essentially a question of strategy or tactics that does not constitute ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ We also find that the failure of the two Navy Resale Activities to comply with the applicable directive was fully considered by the convening authority, with appropriate advice from his staff judge advocate, prior to taking action on the case, and the convening authority's consideration of the matter prompted the partial disapproval of that aspect of the sentence that would otherwise have resulted in the appellant's forfeiture of all pay and allowances. Consequently, even if we agreed with the appellant that the involuntary checkage of his pay was pretrial punishment, which we specifically do not, he has been provided meaningful sentence relief. *Cf. United States v. Reed*, 33 M.J. 98 (C.M.A.1991); *United States v. Villamil-Perez*, 32 M.J. 341 (C.M.A.1991); *United States v. Pringle*, 19 U.S.C.M.A. 324, 41 C.M.R. 324 (1970).

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

---

1. THE APPROVED SENTENCE WAS INAPPROPRIATELY SEVERE.

    A. *Appellant was subjected to illegal pretrial punishment in the form of involuntary restitution.* [Footnote omitted.]

    B. *The ineffective assistance provided by the trial defense counsel during presentencing resulted in an inappropriate sentence.* [Footnote omitted.]