UNITED STATES, Appellee

v.

Heidi F. ADCOCK, First Lieutenant
U.S. Air Force, Appellant

No. 06-0714

Crim. App. No. 36018

United States Court of Appeals for the Armed Forces

Argued January 9, 2007

Decided May 3, 2007

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, J., joined.  STUCKY, J., filed a
dissent in which RYAN, J., joined.

Counsel

For Appellant:  Captain Anthony D. Ortiz (argued); Lieutenant
Colonel Mark R. Strickland (on brief).

For Appellee:  Colonel Gerald R. Bruce (argued); Lieutenant
Colonel Robert V. Combs and Captain Jamie L. Mendelson (on
brief).

Military Judge:  R. Scott Howard


**This opinion is subject to revision before final publication**.

United States v. Adcock, No. 06-0714/AF

Judge ERDMANN delivered the opinion of the court.

First Lieutenant Heidi F. Adcock was charged with wrongful use of cocaine and methamphetamine, larceny, and failure to obey a restriction order in violation of Articles 112a, 121, and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 921, 892 (2000). Pursuant to a pretrial agreement, Adcock entered guilty pleas to each of the charges which were accepted by a military judge sitting as a general court-martial. The military judge sentenced Adcock to dismissal and confinement for fifteen months. The sentence was approved by the convening authority. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence in a 5-4 en banc decision. United States v. Adcock, 63 M.J. 514 (A.F. Ct. Crim. App. 2006).

An essential expression of the Constitution's due process guarantee is the protection of accused servicemembers from punishment prior to conviction and sentencing. United States v. McCarthy, 47 M.J. 162, 164-65 (C.A.A.F. 1997); Bell v. Wolfish, 441 U.S. 520, 535 (1979). In addition to this constitutional protection, Article 13, UCMJ, 10 U.S.C. § 813 (2000), prohibits punishment prior to trial. The President has further addressed pretrial punishment in Rule for Courts-Martial (R.C.M.) 304(f) where he has directed that "[p]risoners being held for trial shall not be required to . . . wear special uniforms prescribed only for post-trial prisoners," and that "[p]risoners shall be

2

afforded facilities and treatment under regulations of the Secretary concerned." Under this authority, the Secretary of the Air Force has promulgated regulations concerning the treatment of pretrial confinees.

We granted review in this case to determine whether there is a remedy for the conditions of Adcock's pretrial confinement in a civilian jail, which violated several provisions of Dep't of the Air Force, Instr. 31-205, The Air Force Corrections System (Apr. 7, 2004) [hereinafter AFI 31-205].[1] We find that the military judge abused his discretion in failing to award additional confinement credit under R.C.M. 305(k) and therefore direct additional confinement credit.

### BACKGROUND

The conduct underlying the charges in this case occurred while Adcock was stationed at Travis Air Force Base (AFB), California. A Pretrial Restraint Order was issued on January 3, 2004, which restricted Adcock to the confines of Travis AFB. On January 19, 2004 she was ordered into pretrial confinement after violating the restriction order by leaving the base.

---

[1] We granted review of the following issue:

> WHETHER, HAVING FOUND THAT THE TERMS OF APPELLANT'S PRETRIAL CONFINEMENT VIOLATED AIR FORCE INSTRUCTION (AFI) 31-205, AND [sic] THE AIR FORCE CORRECTIONS SYSTEM PARAS. 5.8.1.2 AND 7.1.1 (7 APRIL 2004), THE MILITARY JUDGE ERRED IN NOT DETERMINING THAT THE VIOLATION "INVOLVE[D] AN ABUSE OF DISCRETION" PERMITTING CREDIT UNDER R.C.M. 305(k).

The Air Force does not maintain a pretrial confinement facility at Travis AFB. Thus, military personnel who are ordered into pretrial confinement are housed in civilian facilities operated by Solano County pursuant to a Memorandum of Agreement between the Travis AFB Security Forces Commander and the Solano County Sheriff's office. The Memorandum does not reference any military regulations governing treatment of pretrial confinees.

Adcock was initially placed in pretrial confinement in the Solano County Jail in Fairfield, California. She was housed in a cell which she shared with a series of female cellmates, many who had been convicted of offenses such as larceny, burglary and aggravated assault. On April 17, 2004, Adcock was transferred to the Claybank Detention Facility, a division of the Solano County Jail also in Fairfield, California. There she was housed in an open bay room where she shared sleeping, living and toilet facilities with nineteen other inmates, including convicted inmates. At both facilities, Adcock wore a jumpsuit identical to those of other inmates. The color of the jumpsuit worn by the inmates depended on the security classification of the individual inmate, not the inmate's pretrial or post-trial status. As of the date of her court-martial, Adcock had served 157 days of pretrial confinement in the two Solano County facilities.

The Solano County Jail's chief corrections officer, a retired Air Force security policeman who specialized in law enforcement and confinement, stated that the conditions in the jails did not conform to Air Force standards and that Solano County would not bring the facilities into conformance with those standards. The corrections officer in charge of the Claybank facility stated that her jail routinely had pretrial confinees rooming with convicted inmates and did not distinguish the uniforms of pretrial confinees and convicted inmates.

At Adcock's trial the military judge accepted her guilty pleas following a Care inquiry.[2] Her 157 days of pretrial confinement were credited against her fifteen month sentence. Adcock moved for an additional 157 days of sentence credit based on the Government's violation of the uniform and commingling provisions of AFI 31-205 during her pretrial confinement. Although the military judge found that the conditions of Adcock's pretrial confinement violated AFI 31-205, he denied the motion for additional confinement credit on the grounds that Air Force officials acted in furtherance of a legitimate governmental objective and demonstrated no intent to punish or stigmatize the accused, utilizing the established legal analysis for violations of Article 13, UCMJ.

---

[2] United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

United States v. Adcock, No. 06-0714/AF

The Court of Criminal Appeals, which originally identified this issue and had requested briefs, heard the case en banc. Adcock, 63 M.J. at 516. A five-judge majority held that "AFI 31-205 on its face fails to evince any Secretarial intent to create an entitlement to pretrial confinement credit for a violation of its provisions." Id. at 520. The lower court reasoned that the provisions of AFI 31-205 relevant in this case did not amount to "an unambiguous grant of a substantive right," and thus the denial of confinement credit could be upheld. Id. The lower court also found no presidential intent to create an enforceable right to confinement credit in either R.C.M. 304(f) or R.C.M. 305(k). Id. at 520-21. It determined that the relevant portions of both rules merely recognized preexisting protections described in Article 13, UCMJ, or created by this court in United States v. Suzuki, 14 M.J. 491, 492 (C.M.A. 1983). 63 M.J. at 520-21. The lower court held that neither rule provided any basis for credit without a showing of improper government purpose or intent to punish as required for an Article 13, UCMJ, violation. Id. at 521. The four-judge dissent concluded that violation of AFI 31-205 provided a proper basis for relief and that Adcock would also be entitled to relief under either R.C.M. 304(f), R.C.M. 305(k), or Article 13, UCMJ. Id. at 528-30 (Mathews, J., concurring in part and dissenting in part).

DISCUSSION

Adcock argues that she is entitled to pretrial confinement credit based upon the clear and knowing violations of AFI 31-205, para. 5.8.1.2. and para. 7.1.1. by Air Force officials. She maintains that because these provisions were created expressly for the protection of accused servicemembers' rights, they create enforceable rights to additional sentencing relief on their own terms. Additionally, Adcock contends that the violations of AFI 31-205 independently constitute a violation of Article 13, UCMJ, and R.C.M. 304(f), both of which prohibit pretrial punishment and provide a separate basis for sentencing relief. Finally, Adcock urges this court to decide that the military judge erred when he found no abuse of discretion on the part of Air Force officials under R.C.M. 305(k).

The Government responds that the military judge properly denied Adcock relief under Article 13, UCMJ, because Air Force officials did not intend the impermissible pretrial confinement conditions as punishment. It argues that AFI 31-205, R.C.M. 304(f), and R.C.M. 305(k) do not provide an enforceable right to sentence relief independent of Article 13, UCMJ. Finally, the Government claims that the "purpose or intent to punish" element of an Article 13, UCMJ, inquiry applies equally to a military judge's review of pretrial confinement conditions under AFI 31-205, R.C.M. 304(f), and R.C.M. 305(k).

United States v. Adcock, No. 06-0714/AF

This court defers to a military judge's findings of fact unless they are clearly erroneous. United States v. King, 61 M.J. 225, 227 (C.A.A.F. 2005). In this case, the underlying facts are not in dispute, nor is the conclusion that the conditions of Adcock's pretrial confinement violated AFI 31-205.[3] We review de novo the legal question of whether the established facts and the violation of AFI 31-205 entitle Adcock to additional sentencing credit.

As the court below noted, Congress has prohibited pretrial punishment in the military justice system in Article 13, UCMJ:

> Punishment prohibited before trial[.]  No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

When a violation of Article 13, UCMJ, is alleged, we scrutinize the government's "purpose or intent to punish, determined by examining the intent of detention officials or by examining the purposes served by the restriction or condition, and whether

---

[3] The military judge and the Court of Criminal Appeals found that the conditions of Adcock's pretrial confinement violated AFI 31-205. Adcock, 63 M.J. at 516-17.  Before this court, Adcock did not attack this finding and the Government did not certify any issue concerning the correctness of the finding.  Thus, we conclude that the finding that Adcock's pretrial confinement violated AFI 31-205 is the law of the case.  See United States v. Lewis, 63 M.J. 405, 412 (C.A.A.F. 2006) (citing United States v. Parker, 62 M.J. 459, 464 (C.A.A.F. 2006)).

8

such purposes are 'reasonably related to a legitimate governmental objective.'"  King, 61 M.J. at 227 (quoting Bell, 441 U.S. at 539; and citing McCarthy, 47 M.J. at 165).

R.C.M. 304(f) provides:

> Punishment prohibited.  Pretrial restraint is not punishment and shall not be used as such. No person who is restrained pending trial may be subjected to punishment or penalty for the offense which is the basis for that restraint. Prisoners being held for trial shall not be required to undergo punitive duty hours or training, perform punitive labor, or wear special uniforms prescribed only for post - trial prisoners. This rule does not prohibit minor punishment during pretrial confinement for infractions of the rules of the place of confinement. Prisoners shall be afforded facilities and treatment under regulations of the Secretary concerned.

We agree with the majority below when it found that R.C.M. 304(f) was "based on Article 13."  Adcock, 63 M.J. at 520-21 (citing Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-16 (2005 ed.)). However, the President went well beyond the plain language of Article 13, UCMJ, by specifying certain conduct that is expressly prohibited and also by delegating to the service secretaries the authority to enact rules concerning pretrial facilities and the treatment of pretrial confinees.  While the Court of Criminal Appeals found that the delegation language merely reflected a grant of "broad discretion" to confinement officials, we find no such grant in the language of the Rule. Id. at 521.  To the contrary, the plain language of R.C.M.

9

304(f) clearly vests the service secretaries with the discretion to enact the rules but makes no reference to confinement officials. The secretaries, in turn, can make the regulations mandatory or advisory in nature.

Pursuant to the R.C.M. 304(f) delegation of authority, the Secretary of the Air Force promulgated an Air Force Instruction that addresses pretrial confinement facilities and the treatment of pretrial confinees in the Air Force. AFI 31-205, in relevant part, provides:

> para. 1.2.2.2.2. When seeking a correctional facility outside the DoD, the standards of confinement and treatment of inmates must meet or exceed what would be provided in a DoD facility.
>
> . . . .
>
> para. 5.8.1.2. All pre-trial detainees will be housed in separate cells or sleeping areas, separated by sight, from post-trial inmates.
>
> . . . .
>
> para. 7.1.1. Pre-trial detainees. Military members in pre-trial status are not convicted of a crime and will continue to wear the BDU uniform with authorized rank insignia, badges, patches, devices, etc. . . . Pre-trial detainees will not be placed in the same color distinctive uniform worn by adjudged and sentenced inmates [in accordance with R.C.M.] 304(f).

As noted, it is not contested that the confinement authorities at Travis AFB violated these provisions of AFI 31-205 when Adcock was commingled with, and required to wear the same uniform as, convicted inmates. The issue before this court is whether there is a remedy for these violations.

10

United States v. Adcock, No. 06-0714/AF

Although R.C.M. 304(f) does not grant confinement officials the discretion to disregard service regulations pertaining to pretrial confinees, it does not necessarily follow that pretrial confinees held in conditions that violate these regulations may assert an independent right to sentencing credit on that basis alone. As we have previously held, confinement in violation of service regulations does not create a per se right to sentencing credit under the UCMJ. King, 61 M.J. at 228; McCarthy, 47 M.J. at 166 (citing United States v. Moore, 32 M.J. 56, 60 (C.M.A. 1991)).

This rule reflects the long-standing principle that not all violations of law result in individually enforceable remedies. See United States v. Green, 14 M.J. 461, 464 (C.M.A. 1983); United States v. Whiting, 12 M.J. 253, 255 (C.M.A. 1982). However, "'[i]t is well-settled that a government agency must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests'." United States v. Dillard, 8 M.J. 213, 213 (C.M.A. 1980) (quoting United States v. Russo, 1 M.J. 134, 135 (C.M.A. 1975) (citations omitted)). The purposes of the provisions of AFI 31-205 at issue in this case are consistent with treatment of pretrial confinees as innocent individuals and

11

certainly are designed to protect their interests.[4]  AFI 31-205 reflects a decision by the Air Force to ensure that servicemembers who are housed in civilian jails are treated in a manner that recognizes the presumption of innocence.

R.C.M. 305(k) provides in relevant part:

> Remedy. The remedy for noncompliance with subsections (f), (h), (i), or (j) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. The military judge may order additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances. This credit is to be applied in addition to any other credit the accused may be entitled as a result of pretrial confinement served.

Emphasis added.

The subsections of R.C.M. 305 referenced in subsection (k) set forth specific procedural safeguards, such as an accused servicemember's right to counsel and to prompt review following imposition of pretrial confinement.  See, e.g., R.C.M. 305(f), (h), (i), and (j).  The majority below held, and the Government now argues, that the references to these other subsections

---

[4] See United States v. Palmiter, 20 M.J. 90, 98 (C.M.A. 1985) (Everett, C.J., concurring in the result) ("When pretrial detainees -- who have been charged with or have not been proven guilty of any crime -- are placed in immediate association with sentenced prisoners for work or some other required activity, this close association occasionally will involve enhanced danger to physical safety.  Typically, it will tend to stigmatize the pretrial detainees; and the intentional imposition of stigma is itself a punishment . . . .")

United States v. Adcock, No. 06-0714/AF

reflect a presidential intent in subsection (k) to enforce only the specific rights enumerated, not to create an independent right to sentencing credit.  Adcock, 63 M.J. at 521.

In particular, the lower court observed that R.C.M. 305(k)'s authorization of additional credit for "unusually harsh circumstances" mirrors language from Suzuki, 14 M.J. at 492 (upholding a military judge's grant of administrative credit for "unusually harsh circumstances" in pretrial confinement).  63 M.J. at 521.  Thus, it reasoned, this language was intended only to incorporate existing case law and not to create a new basis for pretrial confinement credit.  Id. at 521.

Regardless of its origin, the President's addition of "an abuse of discretion or unusually harsh circumstances" as a basis for additional confinement credit in 1998 goes beyond the procedural protections related to imposition and review of pretrial confinement in R.C.M. 305(f), (h), (i), and (j).[5]  While the Executive Order that added this language provided no additional discussion or analysis, the two clauses must be understood to have distinct and independent meaning.  Indeed, "[o]ne of the basic canons of statutory interpretation is that statutes should be interpreted to give meaning to each word." Lingle v. PSB Bancorp, Inc., 123 F. App'x 496, 502 (3d Cir. 2005) (citing United States v. Menasche, 348 U.S. 528, 538-39

---

[5] Exec. Order 13086, 63 Fed. Reg. 30065, 30067 (May 27, 1998).

13

United States v. Adcock, No. 06-0714/AF

(1955)); see also TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) (noting that a statute ought "'to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'" (quoting Duncan v. Walker, 533 U.S. 167 (2001))).

The 1998 amendment clearly authorized additional sentence credit for pretrial confinement that involves either "unusually harsh circumstances" or "an abuse of discretion." On its face, this "abuse of discretion" language permits a military judge to award additional credit based on conduct by confinement officials that amounts to an abuse of discretion. The President's establishment of this additional basis for credit toward a servicemember's sentence is consistent with the President's authority to prescribe rules and regulations implementing the UCMJ, including provision of "additional or greater rights" than those provided for by Congress. United States v. Romano, 46 M.J. 269, 274 (C.A.A.F. 1997); United States v. McGraner, 13 M.J. 408, 414-15 (C.M.A. 1982); Article 36, UCMJ, 10 U.S.C. § 836 (2000). Contrary to the position taken by the dissent, we are not now creating a new rule. The 1998 amendment established an additional basis for credit prior to Appellant's trial.

A military judge's discretion to award additional credit for abuses of discretion in pretrial confinement does not create

an enforceable per se right to additional sentence credit.  As we have previously held, servicemembers may only enforce a per se right to credit by demonstrating an Article 13, UCMJ, violation.  King, 61 M.J. at 227.  However, under R.C.M. 305(k), a servicemember may identify abuses of discretion by pretrial confinement authorities, including violations of applicable service regulations, and on that basis request additional confinement credit.  A military judge's decision in response to this request is reviewed, on appeal, for abuse of discretion.  See United States v. Rock, 52 M.J. 154, 156 (C.A.A.F. 1999).

We turn now to the question of whether the military judge properly exercised his discretion under R.C.M. 305(k) when he refused to award additional credit based on Adcock's pretrial confinement.  It is not argued that the Air Force officials at Travis AFB were unaware of their own regulations which proscribed commingling and also required that pretrial confinees wear the battle dress uniform (BDU) and not be placed in the same color uniforms worn by convicted inmates.  R.C.M. 304(f) provides that "[p]risoners shall be afforded facilities and treatment" (emphasis added) as prescribed by the service secretaries.  AFI 31-205 bears the phrase, "COMPLIANCE WITH THIS PUBLICATION IS MANDATORY" in bold capital letters at the top of

United States v. Adcock, No. 06-0714/AF

its first page.[6]  An introductory paragraph of the regulation,

para. 1.2.2.2.2., directs that "[w]hen seeking a correctional

facility outside the DoD, the standards of confinement and

treatment of inmates must meet or exceed what would be provided

in a DoD facility." (emphasis added).

For almost thirty years this court's decisions treated

commingling of pretrial and post-trial inmates as per se

pretrial punishment in violation of Article 13, UCMJ.[7]  Although

in United States v. Palmiter, 20 M.J. 90, 96 (C.M.A. 1985),[8] the

court determined that commingling "without more" would not

automatically constitute a violation of Article 13, UCMJ,

service regulations can provide greater protections than Article

13, UCMJ, and, in fact, most services have continued to

explicitly outlaw commingling of pretrial confinees with

convicted inmates.  See, e.g., Dep't of the Army, Reg. 190-47,

Military Police, The Army Corrections System, para. 3-2.i. (June

15, 2006); Dep't of the Navy, Secretary of the Navy Instr.

---

[6] There is no dispute that compliance with AFI 31-205 is
mandatory.  At oral argument the Government argued that the
"mandatory" phrase in the regulation was redundant since all Air
Force Instructions are mandatory.

[7] See, e.g., United States v. Bayhand, 6 C.M.A. 762, 770-71, 21
C.M.R. 84, 92-93 (1956); United States v. Nelson, 18 C.M.A. 177,
181, 39 C.M.R. 177, 181 (1969); United States v. Pringle, 19
C.M.A. 324, 326, 41 C.M.R. 324, 326 (C.M.A. 1970); United States
v. Bruce, 14 M.J. 254, 256 (C.M.A. 1982).

[8] The majority decision in Palmiter was a one-judge decision
(Judge Cox), with Chief Judge Everett writing a concurring
opinion supporting the result on a different basis and Judge
Fletcher not participating.

1640.9C, Department of the Navy Corrections Manual §§ 7103.2.b(2)(a), 12502.3.b. (Jan. 3, 2006). It is within the province of the executive branch, not this court, to change these requirements.

AFI 31-205, para. 5.8.1.2. directs that "[a]ll pre-trial detainees will be housed in separate cells or sleeping areas, separated by sight, from post-trial inmates." Placing pretrial confinees in the same uniforms as those worn by convicted inmates is prohibited by both AFI 31-205, para. 7.1.1. and R.C.M. 304(f) and AFI 31-205 goes on to require that pretrial confinees wear their BDU uniform while in pretrial confinement. Nothing in AFI 31-205 requires a showing of intent to punish or improper government purpose to establish a violation or a remedy for that violation. Despite these prohibitions, there have apparently been "numerous" challenges to Travis AFB's pretrial confinement program prior to Adcock's appeal. Adcock, 63 M.J. at 524 (Mathews, J., concurring in part and dissenting in part).[9] Nevertheless Air Force authorities failed to take any action to remedy the conditions, request that the rules be changed or request a secretarial waiver from the provisions.

---

[9] The dissent below noted that when a military judge in an unrelated case granted pretrial confinement credit based on the Solano County facilities' failure to comply with Air Force regulations, Travis AFB officials considered moving Adcock to a military facility, but concluded that the cost would be prohibitive and left her in the civilian jail. Adcock, 63 M.J. at 524.

While it could be argued that the officials' knowing indifference to breaches of AFI 31-205 and R.C.M. 304(f) demonstrated the intent to punish required for an Article 13, UCMJ, violation, we need not reach that issue. The action of Travis AFB officials in knowingly and deliberately violating Air Force regulatory provisions designed to safeguard the rights of Air Force members amounted to an abuse of discretion under R.C.M. 305(k). These regulations were clearly intended to safeguard accused servicemembers' rights to treatment consistent with the presumption of innocence. See AFI 31-205, para. 7.1.1.; see, e.g., United States v. Kaiser, 58 M.J. 146, 150 (C.A.A.F. 2003) (citing United States v. Washington, 57 M.J. 394, 402 (C.A.A.F. 2002) (Baker, J., concurring)); Dunlap v. Convening Authority, 23 C.M.A. 135, 140, 48 C.M.R. 751, 756 (1974) (Duncan, C.J., dissenting).

Violations of service regulations prescribing pretrial confinement conditions provide a basis for a military judge, in his or her discretion, to grant additional credit under the criteria of R.C.M. 305(k). They do not independently trigger a per se right to such credit enforceable by the servicemember. Accordingly, a military judge should consider violations of service regulations as a basis for pretrial confinement credit under R.C.M. 305(k) when those regulations reflect long-standing

18

concern for the prevention of pretrial punishment and the protection of servicemembers' rights.

Administrative relief under R.C.M. 305(k) is appropriate where, as here, confinement officials have knowingly and deliberately violated provisions of service regulations designed to protect the rights of presumptively innocent servicemembers. Under the circumstances of this case, we hold that the military judge abused his discretion when he denied Adcock's request for credit based on "pretrial confinement that involves an abuse of discretion" under R.C.M. 305(k). On the basis of this erroneous application of R.C.M. 305(k), the military judge denied Adcock's request for additional pretrial confinement credit of 157 days. As a result, Adcock was prejudiced by this denial as it deprived her of 157 days of confinement credit.

We hold that the Court of Criminal Appeals erred in concluding that there was no basis for affording Adcock additional sentencing credit for the violations of AFI 31-205. As the issue of additional administrative credit does not affect the findings and sentence as affirmed by the lower court, we need not set aside the decision but will afford appropriate relief in our decretal paragraph.

## DECISION

The findings and sentence as affirmed by the United States Air Force Court of Criminal Appeals are affirmed. Appellant

will be credited with an additional 157 days of confinement served.

<u>United States v. Adcock</u>, 06-0714/AF

STUCKY, Judge, with whom RYAN, Judge, joins (dissenting):

At trial, the military judge granted Appellant day-for-day credit for each of the 157 days she spent in pretrial confinement, as required by <u>United States v. Allen</u>, 17 M.J. 126 (C.M.A. 1984).  Appellant moved the court to grant <u>additional</u> pretrial confinement credit because, contrary to Air Force Instr. 31-205, The Air Force Corrections System (Apr. 7, 2004) [hereinafter AFI 31-205], while confined in a civilian facility, she was housed with post-conviction inmates and was not permitted to wear her military battle dress uniform (BDU).  The military judge found these two conditions of her pretrial confinement violated AFI 31-205, but he refused to grant her additional credit against her sentence.  In an en banc decision, the United States Air Force Court of Criminal Appeals found no abuse of discretion and affirmed.  <u>United States v. Adcock</u>, 63 M.J. 514 (A.F. Ct. Crim. App. 2006).

The majority holds that the military judge abused his discretion and grants Appellant an additional 157 days of credit against her sentence to confinement.  I dissent.  The military judge did not abuse his discretion, and Appellant is not entitled to 157 days of additional credit.

I.

"No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the

charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence . . . ."  Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000).

> Article 13, UCMJ, prohibits two things:  (1) the imposition of punishment prior to trial, and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence for trial.  The first prohibition of Article 13 involves a purpose or intent to punish, determined by examining the intent of detention officials or by examining the purposes served by the restriction or condition, and whether such purposes are "reasonably related to a legitimate governmental objective." Bell[ v. Wolfish], 441 U.S. [520,] 539 [(1979)]; [United States v. ]McCarthy, 47 M.J. [162,] 165, 167 [(C.A.A.F. 1997)].
>
> The second prohibition of Article 13 prevents imposing unduly rigorous circumstances during pretrial detention.  Conditions that are sufficiently egregious may give rise to a permissive inference that an accused is being punished, or the conditions may be so excessive as to constitute punishment.  McCarthy, 47 M.J. at 165; United States v. James, 28 M.J. 214, 216 (C.M.A. 1989) (conditions that are "arbitrary or purposeless" can be considered to raise an inference of punishment).

United States v. King, 61 M.J. 225, 227-28 (C.A.A.F. 2005).

The President implemented Article 13, UCMJ, in Rule for Courts-Martial (R.C.M.) 304(f), which provides as follows:

> Pretrial restraint is not punishment and shall not be used as such.  No person who is restrained pending trial may be subjected to punishment or penalty for the offense which is the basis for that restraint.  Prisoners being held for trial shall not be required to undergo punitive duty hours or training, perform punitive labor, or wear special uniforms prescribed only for post-trial prisoners.  This rule does not

2

>       prohibit minor punishment during pretrial confinement
>       for infractions of the rules of the place of
>       confinement.  Prisoners shall be afforded facilities
>       and treatment under regulations of the Secretary
>       concerned.

In R.C.M. 305(f), (h), (i), and (j), the President established a set of procedural rules for the imposition and review of pretrial confinement.  See Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-17 to A21-21 (2005 ed.).  To ensure the procedural rules are followed, the President ordered that an accused be granted day-for-day credit for noncompliance.  R.C.M. 305(k).

Additionally, "[t]he military judge may order additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances."  Id. (emphasis added).  The military judge has discretion as to whether to order additional credit and, if so, the appropriate amount in either of these two situations.  See id.

The phrase "abuse of discretion" as used in R.C.M. 305(k) must be read in conjunction with R.C.M. 305(j), which is the only other place this phrase appears in R.C.M. 305.  R.C.M. 305(j) requires that, upon motion of the accused, the military judge must review for an abuse of discretion the seven-day reviewing officer's decision, made pursuant to R.C.M. 305(i)(2), to continue the pretrial confinement of an accused.  It is transparent that the phrase "abuse of discretion" refers to the

military judge's review of the seven-day reviewing officer's consideration of all prior decisions by military authorities to place and retain a servicemember in pretrial confinement.  See R.C.M. 305(h)(2); R.C.M. 305(i)(1).  R.C.M. 305(k) thus empowers, but does not require, the military judge to award additional confinement credit for an abuse of discretion in a decision to continue an accused's confinement.

The phrase "abuse of discretion" in R.C.M. 305(k) does not refer to the conditions of an accused's confinement.  R.C.M. 305(k) neither empowers the military judge nor is meant to be used by this Court as a tool to examine and second-guess every decision made by confinement officials as to the place or circumstances of an accused's confinement.  Rather, it is the "unusually harsh circumstances" prong of R.C.M. 305(k) that the President used to describe the conditions of pretrial confinement that permit the military judge to award additional confinement under R.C.M. 305(k).

## II.

The Secretary of the Air Force fulfilled his responsibilities under R.C.M. 304(f) by issuing AFI 31-205.  It provides that Air Force "[i]nmates in military or nonmilitary institutions are subject to that institution's rules or directives including rules on discipline and treatment" (para. 1.2.2.); the standards of confinement and treatment of inmates

4

in non-Department of Defense (DoD) facilities must meet or exceed what would be provided in DoD facilities (para. 1.2.2.2.2.); all pretrial detainees are to be housed in separate cells, separated by sight, from post-trial inmates (para. 5.8.1.2.); and pretrial detainees are to continue to wear the BDU (para. 7.1.1.).  Compliance with AFI 31-205 is mandatory.

## III.

The military judge ruled that there was a legitimate nonpunitive governmental objective for subjecting the accused to pretrial confinement and that there was no intent to punish or stigmatize her.  The military judge also concluded that that the conditions of Appellant's confinement violated AFI 31-205.  This Court granted review of only one issue -- the issue Appellant assigned as error:

> WHETHER, HAVING FOUND THAT THE TERMS OF APPELLANT'S PRETRIAL CONFINEMENT VIOLATED AIR FORCE INSTRUCTION (AFI) 31-205, AND [sic] THE AIR FORCE CORRECTIONS SYSTEM PARAS. 5.8.1.2 AND 7.1.1 (7 APRIL 2004), THE MILITARY JUDGE ERRED IN NOT DETERMINING THAT THE VIOLATION "INVOLVE[D] AN ABUSE OF DISCRETION" PERMITTING CREDIT UNDER R.C.M. 305(K).

Appellant did not assign as error, and we did not grant review of, any other issue, including whether the conditions of her pretrial confinement violated R.C.M. 304(f), involved noncompliance with the pretrial confinement procedural rules of R.C.M. 305, or were unduly harsh.  As noted above, a claim alleging an abuse of discretion for which additional credit is

5

warranted under R.C.M. 305(k) relates only to the decision to place and retain a servicemember in pretrial confinement. Appellant cannot avail herself of the R.C.M. 305(k) credit relating to an abuse of discretion based on her assertion that her conditions of confinement violated AFI 31-205.

IV.

The majority notes with approval previous holdings of this Court that "confinement in violation of service regulations does not create a per se right to sentencing credit under the UCMJ" and "the long-standing principle that not all violations of law result in individually enforceable remedies." Nevertheless, they assert that the military judge abused his discretion in not awarding Appellant 157 days of additional credit because the confinement officials abused their discretion in confining Appellant in a facility that did not meet the standards of AFI 31-205, even though Appellant never complained about those conditions prior to trial. An abuse of discretion occurs when the military judge's findings of fact are clearly erroneous, the military judge's decision is influenced by an erroneous view of the law, or the military judge's decision is outside the range of choices arising from the applicable facts and law. United States v. Gore, 60 M.J. 178, 187 (C.A.A.F. 2004) (citing United States v. Sullivan, 42 M.J. 360, 363 (C.A.A.F. 1995); United States v. Wallace, 964 F.2d 1214, 1217 n.3 (D.C. Cir. 1992)).

6

None of these circumstances exist here.  The military judge and the lower court were correct in stating and applying the law.  The majority does not suggest that the military judge's findings of fact were clearly erroneous.  Instead, the majority articulates a new legal standard and then finds that the military judge's decision was influenced by an erroneous view of the law because he did not divine this new rule -- if one of the services fails to follow its own regulation on pretrial confinement, it amounts to an abuse of discretion for which the accused is entitled to additional credit, even if there is no intent to punish and the circumstances of the confinement were not unusually harsh.

The error of the majority is threefold.  First is the failure to limit the phrase "abuse of discretion" as used in R.C.M. 305(k) to review of decisions by military authorities to place and retain a servicemember in pretrial confinement.  The second is going beyond the granted issue in an attempt to address the conditions of Appellant's confinement as a basis of relief.  Third, and finally, is the establishment of a new right to confinement credit when there is a knowing and deliberate violation of service regulations even if there was no Article 13, UCMJ, violation.

V.

The President promulgated R.C.M. 305 to establish uniform procedures for the imposition and review of pretrial confinement.  In the past, we have required servicemembers to establish a violation of Article 13, UCMJ, before being entitled to the additional pretrial confinement credit of R.C.M. 305(k) for "unusually harsh circumstances."  See United States v. Crawford, 62 M.J. 411, 414 (C.A.A.F. 2006).  There is no evidence that, in promulgating R.C.M. 304(f) or R.C.M. 305, the President intended to require or permit military judges to grant confinement credit for violations of service confinement regulations without more.  Nor is there any evidence the Secretary of the Air Force intended that violations of AFI 31-205 would result in pretrial confinement credit.  Although the instruction is mandatory (as opposed to aspirational), the Secretary has other means of ensuring compliance short of granting an accused pretrial confinement credit.

The majority's resolution of this case appears to overrule, sub silentio, the requirement in Crawford, 62 M.J. at 414, and King, 61 M.J. at 227, that an accused establish a violation of Article 13, UCMJ, before the military judge is entitled to grant additional confinement credit under R.C.M. 305(k) for conditions of confinement alleged to be "unusually harsh circumstances." In cases alleging a knowing and deliberate violation of the

8

service's confinement regulation, the majority also seems to abandon the inference that the failure to complain about the conditions of pretrial confinement "is strong evidence that the accused is not being punished in violation of Article 13." United States v. Huffman, 40 M.J. 225, 227 (C.M.A. 1994) overruled by United States v. Inong, 58 M.J. 460, 463-65(C.A.A.F. 2003) (holding prospectively that failure at trial to seek sentence relief for pretrial punishment or confinement waives the issue on appeal absent plain error).  It also suggests that, at least when the terms of an accused's confinement are a knowing and deliberate violation of the service regulation, the accused does not have to complain.

This decision leads to two consequences of concern to me. First, it involves this Court in areas relating to facilities, conditions of confinement, and administrative decisions with respect to prisoners where there is no Article 13, UCMJ, violation.  The President gave authority to the service secretaries to address these matters.  See R.C.M. 304(f). Second, it will encourage servicemembers to spend their time in pretrial confinement poring over service regulations, cataloging every possible discrepancy to raise as a reason for additional confinement credit, even if the actual conditions of confinement are not unduly harsh.  At trial, military judges will face protracted litigation concerning the minutiae of confinement

9

programs and whether a particular facility or guard violated some provision of a service regulation.  Appellate court dockets will be flooded with pleas that military judges abused their discretion in not granting additional credit.  Ultimately, this Court may find itself the de facto supervisor of substantive conditions of confinement involving members of the armed forces -- a function that we are exceedingly ill suited to perform.  Such a result is not mandated by either our laws or regulations.  Accordingly, I dissent.